

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

In Re: Shane Christopher Buczek
       Debtor (s)

<u>Case Number: 1:19-cv-1402-EAW</u>
**On Appeal of The October 1, 2019**
**Order issued in the United States**
**Court for the Western District of**
**New York (Buffalo)- 1-19-11441-**
**CLB- Judge Carl L. Bucki**

---

<u>**DESIGNATION OF THE RECORD ON APPEAL AND STATEMENT OF ISSUES FOR**</u>
<u>**APPEAL**</u>

NOW COMES the Appellant, **Shane Christopher Buczek**, appearing pro se and respectfully

files this <u>**Designation of the Record and Statement of Issues**</u> for consideration by this

honorable court pursuant to **Federal Rules of Bankruptcy Procedure Rule 8009(a)(1)(A) and**

**(4)** as follows:

Since this appellant is appearing pro se,he also respectfully requests that this court apply the

standards established by the <u>**Supreme court in Haines v. Kerner**</u>, 404 US 519,**520**, 92 S. Ct 594

(1972), **such that this filing is liberally construed, and that if found to contain any**

**deficiency, that this Appellant be duly notified of such deficiency by this court and given an**

**opportunity to timely correct or amend such deficiency by this court without hazard of**

**dismissal for any such deficiency.**

**I. STATEMENT OF ISSUES FOR APPEAL (FRBP 8009(a)(1))**

1. Were the Appellant's constitutionally guaranteed rights to **due process** afforded by the **fifth**

**and fourteenth amendments** violated **Rule 4001** by the Bankruptcy Court issuing a Summary

1

Judgment Order in favor of the **Nationstar Mortgage dba Mr. Cooper** without Shane

Christopher Buczek ever having received **proper notice** or a copy of the Nationstar's Motion as

filed with the court before the hearing to determine the **Motion for the (30) day notice?**

2. Did the Bankruptcy Court abuse its discretion by issuing a Summary Judgment Order in

**violation of due process**, and making a clearly erroneous application of law in issuing said

Order and removing the automatic stay required under **11 USC 362 before the November**

**5th,2019 341 hearing?**

3. Is the Bankruptcy Court's **Summary Judgment Order Void** and without any legal effect for

being issued in **denial of due process**?

4. Was the Shane Christopher Buczek afforded an **Opportunity to offer a proper** defense

pursuant to **due process** after being **denied notice** and proper service of the **Nationstar**

**Mortgage dba Mr. Cooper** Motion for relief of Stay, such stay being required under **11 USC**

**362?**

5. Did the **Nationstar Mortgage dba Mr. Cooper** sufficiently establish cause for relief under **11**

**USC 362** to have the automatic stay removed by satisfying the requirements of **11 USC 362,** as

required 341 has never taken place to establish standing to file the Motion?

6. Was the information provided by the Creditor which established a **false value on Debtors**

**property to the court, in order to obtain removal of the automatic stay required under 11**

**USC 362, fraudulent and a violation of Title 18 USC § 152 Concealment of assets; false**

**oaths and claims; bribery, Title 18 USC § 157 Bankruptcy fraud, Title 18 USC § 1014 Loan**

**and credit applications generally, Title 18 USC §1016 Acknowledgment of appearance or**

**oath, Title 18 USC § 1018 Official certificates or writings, Title 18 USC § 1021 Title**

2

records, Title 18 USC §1341 Frauds and swindles, Title 18 USC § 1349 Attempt and conspiracy and Title 18 USC § 3057 Bankruptcy investigations provides that:

**(a) Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed. Where one of such officers has made such report, the others need not do so.**

**(b) The United States attorney thereupon shall inquire into the facts and report thereon to the judge, and if it appears probable that any such offense has been committed, shall without delay, present the matter to the grand jury, unless upon inquiry and examination he decides that the ends of public justice do not require investigation or prosecution, in which case he shall report the facts to the Attorney General for his direction.**

7. Did the Bankruptcy court err in its decision to **remove the automatic stay** required under **11 USC 362** by basing that decision upon the fact that the Shane Christopher Buczek has never had a loan with **Nationstar Mortgage dba Mr. Cooper** or has failed to make payments that were not required under the Bankruptcy Court's approved Plan, and which were never required to be made previous to the court's decision to remove the stay**? Due Process**?

8. Is Shane Christopher Buczek entitled to **reinstatement of the automatic stay** required pursuant to **11 USC 362** and have granted his **MOTION FOR POSTPONEMENT** OF OCTOBER 1, 2019 **HEARING PURSUANT TO FRBP RULE 9014(d)&(e)?**

9. Can Nationstar Mortgage dba Mr. Cooper commit fraud upon the court and file a fraudulent proof of claim after than file the motion to lift the stay as?

10. Is Nationstar Mortgage dba Mr. Cooper a disinterested person in these proceedings pursuant to 11USC§ 101(14)?

11. Is Nationstar Mortgage dba Mr. Cooper lack standing in these proceedings pursuant to FRBP Rules 3001 and 9014?

12. Is Nationstar Mortgage dba Mr. Cooper in violation of UCC 3-804, the frivolity of Cooper's Motion, the extrinsic and intrinsic fraud perpetrated by Cooper, the knowledge and complicity of Michael Chatwin and the law firm Shapiro, Dicaro and Barak in the perpetration of the foregoing alleged fraudulent conduct set forth above, the historic pattern of Cooper bad acting in previous litigation, and other issues, the inability of Cooper to obtain any indemnification bond required under UCC 3-804 in this case, the refusal of Cooper to obtain the indemnification bond required under UCC 3-804, and other issues?

13. Does Nationstar Mortgage dba Mr. Cooper have standing as a secured party creditor against Shane Christopher Buczek?

14. Does Nationstar Mortgage dba Mr. Cooper have a contract with Shane Christopher Buczek with a signed original note and a copy of assignment with the lawful two-party contract(s) requiring me to pay it?

15. Does Nationstar Mortgage dba Mr. Cooper have a power of attorney sign Michael Chatwin and the law firm Shapiro, Dicaro and Barak?

**16. Should this matter be _presented_ to the Federal Grand Jury [May 3,2019 Impaneled 5/3/2019] by referral from the United States District Court, FBI, United States Attorney's Office against Shapiro, DiCaro & Barak, LLC - Rochester 175 Mile Crossing Boulevard Rochester, New York 14624 Phone 585-247-9000?**

## II. DESIGNATION OF THE RECORD ON APPEAL (FRBP 8009 (a)(4))

1. The Docket of US Bankruptcy Court Case Number 1-18-11401-CLB **Exhibit (A)**

2. The Notice of Appeal initiating this Appeal. **Exhibit (B)**

3. The Motion for Removal of Stay **filed by Nationstar Mortgage dba Mr. Cooper**. **Exhibit (C)**

4. The Shane Christopher Buczek Response to **Nationstar Mortgage dba Mr. Cooper** Motion for Removal of Stay. **Exhibit (D)**

5. **The MOTION FOR POSTPONEMENT OF OCTOBER 1,2019, Exhibit (E)**

6. The Shane Christopher Buczek Motion for Reconsideration of the Court's set for November 19, 2019. **Exhibit (F)**

7. The **Nationstar Mortgage dba Mr. Cooper OBJECTION TO MOTION FOR INJUNCTION AND RESTRAINING ORDER** *Related Docs. 73, 78,80,85,87,90 and 103.* *Exhibit (A)*

8. The Decision and **ORDER** of the Bankruptcy Court upon Debtor's made on **October 15, 2019. Exhibit (G)**

9. Shane Christopher Buczek files the SUPPLEMENTAL TO NOTICE TO THE MOTION FOR REHEARING MOTION FOR RELIEF FROM STAY TO BE heard on November 19,2019 at 12:00 PM. **Exhibit (H)**

10. The transcripts of the hearing upon the Motion to Remove Stay held on **October 1,2019.** **Exhibit (I)**

11. The transcripts of the hearing upon Shane Christopher Buczek Motion for **Reconsideration to be held on November 19, 2019 which will be filed as a Supplemental once hearing has been hear. Please take notice the transcripts could take up to 30 to transcribe.**

Respectfully submitted this _____ 28th _____ day of October 2019.

By: _____

Shane Christopher Buczek, Appellant, Pro Se

**CERTIFICATE OF SERVICE**

I, Shane Christopher Buczek the undersigned, hereby certify that a true and correct copy of the

**DESIGNATION OF THE RECORD ON APPEAL AND STATEMENT OF ISSUES FOR**

**APPEAL** was served to **Albert J. Mogavero**, United States Bankruptcy Trustee **Chapter 13**

**Bankruptcy Trustee** 110 Pearl Street 6th Floor Buffalo, New York 14202 and **Mark K.**

**Broyles** Fein, Such & Crane LLP 28 East Main Street Suite 1800 Rochester, NY 14614, Office

of the **United States Trustee Joseph W. Allen**, Esq Olympic Towers300 Pearl Street, Suite

401Buffalo, NY 14202 and **Michael J. Chatwin** Shapiro, DiCaro & Barak, LLC 175 Mile

Crossing Blvd. Rochester, NY 14624 Served by US mail in a postage paid envelope placed in the

care and custody of the United States Postal Service pre-paid. **Please note the United States**

**Bankruptcy Court will file on the CM/ECF system which is sent electronic notification of**

**all parties and transmit to the United State District Court for the WDNY.**

Dated: October 28th, 2019

BY: _Shane-Christopher Buczek_
Shane Christopher Buczek

OCT 2 8 2019
BANKRUPTCY COURT
BUFFALO, NY