UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

IN RE:

Shane Christopher Buczek

Chapter 13

Debtor.

Case No.: 1-19-11441-CLB

-------------------------------------------------------x

## ORDER GRANTING *IN REM* RELIEF FROM THE AUTOMATIC STAY

Upon the motion (the "Motion") of KeyBank National Association, (with any subsequent successor or assign, the "Movant"), (a) pursuant to 11 U.S.C. §§ 105(a), 362(d), and 1307(c) and Fed. R. Bankr. P. 4001, with a bar to re-filing; or, in the alternative (b) issue an Order confirming the absence of the stay pursuant to 11 U.S.C § 362(c)(4)(A)(ii) with additional relief pursuant to 11 U.S.C. § 362(d)(4)(B) for *in rem* relief from the automatic stay imposed in subsequent cases under 11 U.S.C. § 362(a), such that any and all future filings under the Bankruptcy Code during the next two years by the debtor herein, Shane Christopher Buczek, or any other person or entity with an interest in the Property shall not operate as a stay as to Movant's enforcement of its rights in and to the Property and protect itself from non-judicial filings made by or on behalf of the debtor, wherein any future or subsequent bankruptcy petition filed by or against any person or entity with an interest in real property commonly known as 7335 Derby Rd, Derby NY 14047 (the "Property") shall not create or impose an automatic stay as to Movant, its successors, and or assigns with regard to the Property for a period of two (2) years from the entry of the Order and for such other and further relief as the Court may deem just and proper; or in the alternative (c) pursuant to 11 U.S.C. § 362(d)(1), from the automatic stay imposed in this case under 11 U.S.C. § 362(a) as to Movant's interest in; and, after due and sufficient service and notice, the Court having held a hearing on the Motion on December 16, 2019, and no opposition having been submitted; and, after due deliberation, the Court having determined that the filing of the Debtor's bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors that has

involved multiple bankruptcy filings by the Debtor affecting the Property; and good and sufficient cause appearing, including the failure of the Debtor to perform their duties as debtors under the Bankruptcy Code in good faith in multiple bankruptcy cases affecting the Property, it is

~~ORDERED that this bankruptcy is dismissed;~~ *CLB*

ORDERED that the automatic stay under 11 U.S.C. § 362(a) is vacated under 11 U.S.C. § 362(d)(1) as to Movant's interest in the Property, to permit Movant to pursue its rights in and remedies in and to the Property as well as for Movant or its attorneys to bring judicial actions to protect themselves from non-judicial filings made by or on behalf of the debtor; and it is further

ORDERED that, under 11 U.S.C. § 362(d)(4), and _provided_ that this order is recorded in conformity therewith, this order terminating the automatic stay under 11 U.S.C. § 362(a) as to Movant's interest in the Property shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two years after the date of this order, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to Movant's interest in the Property.

Dated:_____DEC 1 6 2019
      Buffalo, New York

_____
    Honorable Carl L. Bucki
    United States Bankruptcy Judge, W.D.N.Y



FILED
DEC 1 6 2019
BANKRUPTCY COURT
BUFFALO, NY