UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re
    Shane Christopher Buczek

        Debtor.

Case No. 1-19-11441-CLB
Chapter 13

TO THE HONORABLE CARL L. BUCKI:

**OBJECTION TO DEBTOR'S NOTICE OF MOTION SEEKING TO VACATE ORDER OF DECEMBER 16, 2019 AND GRANT ORDER INJUCTION TO ENJOY THE DEBTOR FROM FURTHER LITIGATION**

I, David P. Case, Esq., do hereby certify as follows:

1. I am an attorney at law of the State of New York and Partner of the law firm of Fein, Such and Carne, LLP, attorneys for KeyBank National Association. ("Secured Creditor" herein), and I am fully familiar with the facts and circumstances of the within matter.

2. Secured Creditor objects to Debtor's Motion per the reasons that follow:

(1) Secured Creditor holds a mortgage on the Debtor's real property known as 7335 Derby Road, Derby, NY 14047.

(2) On July 19, 2019 Shane Christopher Buczek ("Debtor") filed a Chapter 13 Bankruptcy under case number 19-11441.

(3) On November 27, 2019 Secured Creditor file a Motion for Relief from the Automatic Stay seeking *In Rem* Relief, ECF Docket No. 146 with the hearing scheduled for December 16, 2019.

(4) The Debtor filed an Objection to the Motion on December 11, 2019, Docket No. 148, seeking to reschedule the hearing and request an evidentiary hearing.

(5) Secured Creditor filed an Objection to the Debtor's opposition on December 11, 2019, Docket No. 149.

(6) The hearing was held on December 16, 2019. Secured Creditor's the Motion was granted in part as to the *in rem* relief and the request for dismissal of the case was adjourned to be heard on January 21, 2020. The request for dismissal has since been withdrawn. It should be noted that the Order granted, in part, was prepared and uploaded with the original motion and the Court made a handmade change to the Order and signed it from the bench on the return date of the motion.

(7) Based on oral argument presented at the hearing on December 16, 2019, secured Creditor reiterates and incorporates, by reference, all facts and arguments reflected in the Motion for Relief filed at ECF Docket No. 146.

(8) Debtor again claims there is a lack of standing; this has been fully addressed by the Bankruptcy Court and the State Court. The Debtor's claim is completely without merit. This Court has already ruled, from the bench, that issues of standing to enforce the note and mortgage are for the State Court to determine—and, indeed, the State Court already determined the issue sufficiently to deprive this Court of subject matter jurisdiction under the *Rooker-Feldman* Doctrine.

(9) Debtor's claims that a verified sworn statement from Secured Creditor and the Court is without merit.

(10) The Debtor claims that this Court mistakenly issued the Order Granting in Rem Relief from the Automatic Stay at the hearing held on December 16, 2019. At the hearing on January 6, 2020 the Court requested that a Corrective Order be submitted that in no way effected the relief granted in the prior order. Specifically the Court directed that a *Corrective* Order be submitted to add language to reflect that there was opposition filed to the motion filed by the Debtor and to clarify that this was the first bankruptcy filing by the Debtor. The Corrective Order was granted on January 13, 2020 granting the same relief as the prior order.

(11) Debtor's claim that the Secured Creditor ignored the Courts request for a corrective

order is without merit. The order granted on December 16, 2019 was submitted in good faith and granted with same. The terms of the entered order dictate that it be recorded. The certified copy was submitted to be recorded on December 27, 2019 and recorded on January 7, 2020. At the time he order was submitted the corrective order has not been requested by the Court.

(12) A certified copy of the Corrective Order is currently being sent for recording, just as the original order was. There is no basis for substantive relief in favor of the debtor.

(13) The debtor cannot use a statement (Dkt. 182) that he filed after his motion to reconsider to deny as a basis for further relief.

(14) Any allegation that the debtor entered into a settlement with the Secured Creditor where secure creditor agreed to pay debtor and his mother $1million and dismiss all claims against them is wholly without merit, is false, and is tantamount to a Rule 9011 violation subject to sanctions.

(15) Debtor's filings under Dkt. No.s 182 and 187 are nothing more than Debtor's next vexatious and abusive motion to harass, hinder, and annoy the Secured Creditor and frivolously increase the costs of defending its security interest in the aforementioned premises. The substance of Dkt. No. 186, is hereby incorporated herein by reference. As discussed in Dkt. No. 186, Debtor had been warned numerous times, by the Western District of New York, that "the continuation of these [vexatious and abusive] filings will result in [the] Court imposing sanctions, including a screening mechanism or prohibition on filing." See, Dkt. No. 186, fn. 2 quoting, United States of America v. Shane C. Buczek, 09-cr-00141, Dkt. No. 225.

(16) The Second Circuit Court of Appeals warned debtor that he

> "file innumerable frivolous motions in his present appeals, which have greatly delayed the resolution of these matters. Even taking into account Buczek's *pro se* status, such litigation practices are entirely

unacceptable... Buczek is hereby warned that his further filing in this Court of frivolous motions, appeals, petitions, or other matters relating to his [Bank Fraud] convictions, the criminal proceedings leading to those convictions, or his post-conviction litigation, will result in the imposition of sanctions, including leave-to-file sanctions." United States v. Buczek, 2013 WL 4504604 (2d Cir. 2013)(emphasis and citations omitted).

(16) Accordingly, it is respectfully submitted that the Court deny debtor's motion and provide debtor with a warning that any further motion practice or filing, in this Court, related to KeyBank, its standing, or any relief against KeyBank, its employees, officers, shareholders, attorneys, directors, etc., is subject to sanctions, including a screening mechanism or prohibition on further filings in this Court related to KeyBank, those related to, employed by, or associated with KeyBank, or matters having to do with the premises.

WHEREFORE, Debtor's motion should be denied in its entirety and the Court should warn debtor of sanctions related to his continuing vexatious and abusive filings or enjoin further filings in this Court related to Secured Creditor and the premises.

FEIN SUCH AND CRANE, LLP.
Attorneys for Secured Creditor,

Dated: January 20, 2020

By _____
David P. Case, Esq.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re
    Shane Christopher Buczek

        Debtor.

Case No. 1-19-11441-CLB
Chapter 13

AFFIDAVIT OF SERVICE
BY MAIL

STATE OF NEW YORK )
COUNTY OF MONROE )

Reagan Weinhart, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age, and am employed in Rochester, New York.

On January 21, 2020, I served the within Objection by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or depository of the United States Postal Service within the State of New York, addressed to the last known address of the addressee (s) as indicated below.

Shane Christopher Buczek
435 Creekside Drive
Suite 200
Amherst, NY 14228

Julie Philippi
Chapter 13 Trustee
110 Pearl Street, 6th Floor
Ste 6th Floor
Buffalo, NY 14202-4111

Office of the United States Trustee
Joseph W. Allen, Esq.
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, NY 14202

_Reagan Weinhart_
Reagan Weinhart

Sworn to before me this 21 day of January, 2020.

_Notary Public_

CHRIS A. ROWLINSON
Notary Public, State of New York
Qualified in Monroe County
No. 01RO6376320
Commission Expires June 11, 2022