

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NEW YORK

In re:

Shane Christopher Buczek    CASE NO. 1-19-11441-CLB

### NOTICE OF MOTION OF MOTION FOR ADJOURNMENT 341 MEETING UNTIL RESOLUTION OF DISPUTED MATERIAL FACTS AND REQUEST FOR EVIDENTIARY HEARING

**PLEASE TAKE NOTICE** that upon the NOTICE OF MOTION FOR ADJOURNMENT 341 MEETING UNTIL RESOLUTION OF DISPUTED MATERIAL FACTS AND REQUEST FOR EVIDENTIARY HEARING the undersigned will move at a hearing to be at the **United States Bankruptcy Court, Western District of New York, Robert H. Jackson U.S. Courthouse, 2 Niagara Square, 5th Floor Buffalo, New York set for 10:00 AM February 10, 2020.** Buffalo Orleans **Courtroom Honorable Carl L. Bucki for an Order and Scheduling an Evidentiary Hearing to conducted Standing by KeyBank and Attorney Dave P. Case.**

Furthermore, Debtor hereby respectfully moves this court for an Order granting EXTENSION OF TIME Debtor an opportunity to bring in a professional and allow **testimony form the signer of the note** and the preparers of the note and alleged **security instruments** submitted by KeyBank, in **order to authenticate** or **invalidate the Note** and **security instruments** submitted by alleged creditor KeyBank, since the reliance upon these documents by this court in its determinations are based upon these **Material Facts in controversy.** See (In re: **Reddy 2017 Bankr**. LEXIS 1528 Case No. 16-50689 (JAM)).

DATED: January 21, 2020  /s/: By: _____

Shane Christopher Buczek, Debtor Pro-Se

To:

Trustee Chapter 13
**Julie Philippi**
The Dunn Building
110 Pearl Street, 6th Floor
Buffalo New York [14202-4111]

**Michael J. Chatwin**
Shapiro, DiCaro & Barak, LLC
175 Mile Crossing Blvd.
Rochester, NY 14624

Office of the United States Trustee
**Joseph W. Allen, Esq**
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, New York 14202

**Dave P. Case**
**Mark K. Broyles**
Fein, Such & Crane LLP
28 East Main Street Suite 1800
Rochester, New York 14614
585-325-6202
585-325-6201 (fax)
mkbroyles@rgcattys.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:  Case No. **1-19-11441- CLB**
                                            Chapter 13
Shane Christopher Buczek
            Debtor(s)

## MOTION FOR ADJOURNMENT 341 MEETING UNTIL RESOLUTION OF DISPUTED MATERIAL FACTS AND REQUEST FOR EVIDENTIARY HEARING

Comes Now the Debtor, Shane Christopher Buczek, and respectfully files this Motion for adjournment in this case requesting that this honorable court postpone these proceedings on the matters before it until such time as a hearing can be held to resolve the following **Material Facts** in controversy :

1) That the **Note** and all other **security instruments** alleged to be binding against this Debtor's property in this case by the alleged creditor KeyBank are **inauthentic**.

2) That the **Note** and all other **security instruments** alleged to be binding against this Debtor's property by alleged creditor KeyBank are **forged** and **altered.**

3) That the **Note** and all other **security instruments** alleged to be binding against this Debtor's property in this case by the alleged creditor KeyBank are neither original, authentic or **enforceable documents**.

4) That the alleged creditor KeyBank is truly wholly **unsecured disinterested party** in this case.

5) That the alleged creditor KeyBank **does not retain any security** in this debtor's property.

1

6) That KeyBank and **David P. Case** have acted in **bad faith** by **misrepresenting** to this court **any valid security interest in this Debtor's real property.**

7) That the **note** and **Security instruments presented** to this court by creditor KeyBank **constitute fraud upon this court, fraud against the United States Trustee** and **fraud against the Debtor.**

8) That, despite the **lies** set forth to this court by attorney **David P. Case**, the issues above have **never been adjudicated in this or any other court**, and that since **these issues have never been raised** or resolved by a court or through any hearing and therefore the **principle of res judicata does not apply in this case regarding these issues. See Attachment (1) 564 B.R. 190 United States Bankruptcy Court, W.D. New York In re Sadigursky**

9) The fact that the resolution of the issue of the submission by alleged creditor KeyBank of false documents in a Federal Court are a Federal Issue and not in any way governed or restricted by the **Rooker-Feldman doctrine because they have never been raised or adjudicated previously in any state court.**

10) That alleged creditor KeyBank **is not the owner**, in **due course** or otherwise, of any **enforceable security interest in this case.**

11) That since these numerous issues of Material Fact are at controversy in this case, an adjournment until a hearing on this Motion is held is appropriate in the interests of fairness, justice and judicial economy.

Therefore based upon the foregoing this court should postpone this hearing and hold an **evidentiary hearing** to allow the Debtor an opportunity to bring in a professional and allow **testimony form the signer of the note** and the preparers of the note and alleged **security**

**instruments** submitted by KeyBank, in **order to authenticate** or **invalidate the Note** and **security instruments** submitted by alleged creditor KeyBank, since the reliance upon these documents by this court in its determinations are based upon these **Material Facts in controversy.** See (In re: <u>Reddy 2017 Bankr</u>. LEXIS 1528 Case No. 16-50689 (JAM)).

WHEREFORE having **validly** demonstrated the issues of **Material Facts** that are at controversy in this case, the Debtor respectfully moves this court for a postponement of these proceedings until such time as these issues above have been resolved and adjudicated through an <u>**Evidentiary Hearing.**</u>

Respectfully submitted this 21st day of January 2020, I, the debtor Shane Christopher Buczek do hereby affirm under penalty of perjury that the foregoing is truthful and correct to the best of my knowledge and belief.

By: _/s/ Shane-Christopher: Buczek_

Shane Christopher Buczek, Debtor, pro se

# Attachment (1)

564 B.R. 190
United States Bankruptcy Court, W.D. New York.

IN RE Meyer SADIGURSKY
and Simona Sadigursky Debtor
Meyer Sadigursky and Simona Sadigursky Plaintiff
v.
LSF9 Master Participation Trust, Caliber Home Loans, Inc., DLJ Mortgage Capital, Inc., Selene Finance LP, GRP Loan, LLC, Santander Bank National Association, f/k/a Sovereign Bank, National Association, f/k/a Sovereign Bank, as Successor by Merger with Independence Community Bank, as Successor by Merger with SI Bank and Trust f/k/a Staten Island Savings Bank, State Street Bank and Trust Company, Flagstar Bank, FSB, Defendants

Case No. 15–10034 K
|
AP No. 16–1024–K
|
Signed January 3, 2017

**Synopsis**
**Background:** Debtors brought adversary proceeding challenging claimants' standing to file proofs of claim and to seek to foreclose on mortgage, and claimants moved to dismiss on *Rooker-Feldman* grounds.

**[Holding:]** The Bankruptcy Court, Michael J. Kaplan, J., held that mere assertion by claimants filing proofs of claim for sums owing on debtors' mortgage debt, and seeking to foreclose on mortgage, that they were successors in interest to creditor that had obtained judgment in state court foreclosure action did not deprive bankruptcy court of jurisdiction, under *Rooker-Feldman* doctrine, to consider objections to claimants' standing to file proofs of claim or to foreclose on mortgage.

So ordered.

West Headnotes (2)

[1] **Courts**
Federal-Court Review of State-Court Decisions; Rooker-Feldman Doctrine

When *Rooker-Feldman* doctrine applies, it bars federal court inquiry at any level below the United States Supreme Court; lower federal courts lack jurisdiction to order anything at all.

[2] **Bankruptcy**
Claims or proceedings against estate or debtor; relief from stay
**Courts**
Debtor and creditor; bankruptcy; mortgages, liens, and security interests

Mere assertion by claimants filing proofs of claim for sums owing on debtors' mortgage debt, and seeking to foreclose on mortgage, that they were successors in interest to creditor that had obtained judgment in state court foreclosure action did not deprive bankruptcy court of jurisdiction, under *Rooker-Feldman* doctrine, to consider objections to claimants' standing to file proofs of claim or to foreclose on mortgage; too many dots remained to be connected, and bankruptcy court still had jurisdiction to determine its own jurisdiction by inquiring into whether claimants were in fact successors in interest to creditor that obtained this state court judgment.

**Attorneys and Law Firms**

Joseph N. Froehlich, Esq., Casey B. Howard, Esq., LOCKE LORD LLP, 200 Vesey Street, 20th Fl., New York, New York 10281, Attorneys for Defendants LSF9 Master Participation Trust and Caliber Home Loans, Inc.

Kristen D. Romano, Esq., MCGLINCHEY STAFFORD, 112 West 34th Street, New York, New York 10120, Attorneys for Defendants DLJ Mortgage Capital, Inc. and Selene Finance, LP

Arthur G. Baumeister, Jr., Esq., AMIGONE, SANCHEZ & MATTREY, LLP, 1300 Main Place Tower, 350 Main Street, Buffalo, New York 14202, Attorneys for *191 Plaintiffs Meyer Sadigursky and Simona Sadigursky

OPINION AND ORDER DEFERRING DECISION ON ROOKER–FELDMAN ISSUE PENDING AN INQUIRY [1]

Michael J. Kaplan U.S.B.J.

The matter at Bar are Motions by Defendants LSF9 Master Participation Trust and Caliber Home Loans, Inc., and DLJ Mortgage Capital, Inc. and Selene Finance LP to dismiss this AP which challenges their standing to foreclose a mortgage and right to file a proof of claim on real property commonly known as 181 Bay 25th St., Brooklyn, New York in New York State Supreme Court, Kings County. The Motions are based in part on Rooker–Feldman.

[1] In the year 2009 an entity named "GRP Loan, LLC" obtained what a state court termed a "judgment" by default in a foreclosure action as to real estate owned by these Debtors. It was not a "Judgment of Foreclosure and Sale" under NY Real Property Actions and Proceedings Law § 1351, and so it seems to be agreed among the parties that what is at issue here is an *interlocutory order* of the foreclosure court. There is authority for the proposition that some interlocutory state court orders are entitled to "preclusive effect" in a subsequent federal suit. [See In re 56 Walker, LLC, 2014 WL 1228835 (Bankr. S.D.N.Y. 2014), in which Bankruptcy Judge Gropper cites Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d 61 (2d Cir. 1986) and In re Briarpatch Film Corp., 281 B.R. 820 (Bankr. S.D.N.Y. 2002) ]. "Preclusive effect" is, however, not like a Rooker–Feldman defense. If a defendant in an action in federal court properly raises and sustains a Rooker–Feldman objection to jurisdiction, it need not prove-up (among other things) its entitlement to protection under the various "finality" doctrines that otherwise (1) might require examination of the record before the state court, or (2) might have been waived or forfeited, etc. in some fashion before or in the subsequent action in federal court. When Rooker–Feldman applies, it bars federal court inquiry at any level below the U.S. Supreme Court. The lower federal court lacks jurisdiction to order anything at all.

In this case, however, it is by no means clear that Rooker–Feldman is applicable. Those invoking it assert that they are downstream holders of whatever rights GRP Loan, LLC could assert here if it still held the mortgage and note and could assert Rooker–Feldman for itself [2], but the movants do not include GRP Loan, LLC.

*192 [2] Simply stating that "I am a defendant who bought rights derived from a state court ruling and I assert a Rooker–Feldman objection to the jurisdiction of this court" cannot, of itself, strip this Court of jurisdiction to determine its own jurisdiction: to inquire into the matters (factual or otherwise) that are relevant to whether it actually has jurisdiction. [3]

There are too many dots to be connected before this Court might conclude that it has no jurisdiction (under Rooker–Feldman) to order, at the least, further scheduling (as opposed to anything dispositive).

For now the Rooker–Feldman argument for dismissal is suspended (11 U.S.C. § 305). The Court will consider it again when and if necessary at the Court's sua sponte discretion, or upon suggestion by any party.

So decided, the next matters to be considered are questions of (1) standing, and (2) preclusion. Some discovery demands might be an efficient way to proceed. (See F.R.Civ.P. Rule 1.) Scheduling as to these matters will be discussed by telephonic conference on January 9, 2017 at 2:00 pm in Part I.

SO ORDERED

**All Citations**

564 B.R. 190

## Footnotes

1   Rooker–Feldman is a term that identifies a doctrine regarding federal court jurisdiction under Article III of the U.S. Constitution. The doctrine explains that certain state court decisions are reviewable in federal court only after whatever state court appeals provide a path to the U.S. Supreme Court. Rooker is Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and Feldman is District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The most recent pronouncement by the High Court on the doctrine is in Exxon Mobil

WESTLAW © 2020 Thomson Reuters. No claim to original U.S. Government Works. 2

    *Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Here in the Second Circuit, the binding decision is *Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77 (2005), which is noted below.

2    The Debtors challenge the Defendants' standing with great intensity. The caption of the AP suggests the complexity of the stream of ownership of mortgage rights.

    It is not always a certainty that a downstream owner of certain interests has the same rights as the initial holder. See this writer's decision in the case of *In re 256–260 Limited Partnership,* Case No. 14–11582 K (5/20/15).

3    A similar, but non-analogous proposition was raised in this Court in the case of *In re Zywiczynski,* 210 B.R. 924 (1997). The defendant in that case was the State of New York. Its "sovereign immunity" defense has a certain similarity to the Defendants' *Rooker–Feldman* assertion here. If either defense is upheld, then this Court may not "adjudicate" anything at all that affects the party that properly presents it. In *Zywiczynski* it was clear that the State was immune from responding to appropriate inquiry. This Court ordered only an "inquest".

    In the present case, it is not clear that the parties seeking to block adjudication here have standing to do so. A procedure similar to that utilized in *Zywiczynski* seems practical, appropriate, and not violative of Article III. See, generally, *Hoblock, supra,* interpreting *Exxon, supra,* which severely overruled many lower-courts' expansive view of *Rooker* and *Feldman*.

---

**End of Document**       © 2020 Thomson Reuters. No claim to original U.S. Government Works.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:                                      Case No. **1-19-11441- CLB**
                                            Chapter 13
Shane Christopher Buczek
           Debtor(s)

## CERTIFICATE OF SERVICE

I, Shane Christopher Buczek certify that on, **January 21st ,2020,** I served true correct copies of:
**MOTION FOR ADJOURNMENT 341 MEETING UNTIL RESOLUTION OF DISPUTED MATERIAL FACTS AND REQUEST FOR EVIDENTIARY HEARING:**

To the Office of the United States Trustee Joseph W. Allen, Esq AND Trustee Chapter 13 Trustee to the following party in the manner specified for each party below: **Method of Service** Served by US mail in a postage paid envelope placed in the care and custody of the United States Postal Service.

**Name and Address of Party**

**Julie Philippi**
Chapter 13 Trustee
110 Pearl St.
Ste 6th Floor
Buffalo, NY 14202
716-854-5636
ecf@buffalo13.com

Office of the United States Trustee
Joseph W. Allen, Esq
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, New York 14202
Phone: (716) 551-5541
Facsimile: (716) 551-5560

**Mark K. Broyles**
**Dave P. Case**
Non-Party- **disinterest Party**
Fein, Such & Crane LLP                 **No Power of**
28 East Main Street                    **Attorney**
Suite 1800
Rochester, New York 14614
585-325-6202

**KEYBANK NATIONAL ASSOCIATION**
c/o Fein, Such & Crane, LLP
28 East Main Street
Suite 1800
Rochester, NY 14614
(Notice of **disinterest Party**)

Michael J. Chatwin
**disinterest Party**
**Nationstar Mortgage LLC d/b/a**
**Mr. Cooper**
Shapiro, DiCaro & Barak, LLC
175 Mile Crossing Blvd.
Rochester, New York 14624
585-247-9000
585-247-7390 (fax)
mchatwin@logs.com
*Assigned: 09/06/2019*

**Beth Elaine Mooney**
Chairman and Chief Executive
Officer, KeyCorp
127 Public Square,
Cleveland, Ohio 44114
Phone (216) 689-4107
Phone (216) 689-6300
Fax (216) 689-4121

**No Power of Attorney**

Shapiro, DiCaro & Barak, LLC
175 Mile Crossing Boulevard
Rochester, NY 14624
585-247-9000
585-247-7380 (fax)
ROCbkcourt@logs.com
(Notice of **disinterest Party**)

**Dated: January 21st, 2020**

_____
**Shane Christopher Buczek**

In re:

                                                  **CASE NO. 1-19-11441- CLB**

**Shane Christopher Buczek**                                     (Filed 07/19/2019)

## ORDER

The Court, having considered the debtors NOTICE OF MOTION FOR ADJOURNMENT 341 MEETING UNTIL RESOLUTION OF DISPUTED MATERIAL FACTS AND REQUEST FOR EVIDENTIARY HEARING FOR Key Bank National Association by Shane Christopher Buczek, hereby grants the motion. Where the Debtor has demonstrated good cause in this matter. GRANTED

So, ordered.

**Dated:** _____                                                **BY THE COURT**

                                                                                _____

                                                                                Honorable Judge Carl L. Bucki
                                                                                United States Bankruptcy Court
                                                                                For the Western District of New York