UNITED STATES BANKRUPTCY COURT  Date: 07/27/2020
WESTERN DISTRICT OF NEW YORK  Time: 10:00 AM

IN RE:

Shane Christopher Buczek

Debtor.

Chapter: 13

Case No. 1-19-11441-CLB

NOTICE OF CROSS-MOTION

PLEASE TAKE NOTICE that upon the annexed application of KeyBank National Association., ("Movant"), Secured Creditor, by its attorneys, Fein Such & Crane, LLP., the undersigned will move before the Honorable Carl L. Bucki, United States Bankruptcy Judge, at the United States Bankruptcy Court, Western District of New York, Robert H. Jackson U.S. Courthouse, 2 Niagara Square, Orleans Courtroom, Buffalo, NY 14202, on July 27, 2020, at 10:00 in the forenoon of that day, or as soon thereafter as counsel can be heard for (1) sanctioning the debtor, pursuant to Fed. R. Bankr. Pro. 9011(c) for debtor's continued vexatious and abusive filings; 2) enjoining debtor from filing or causing to file any other papers in this Court that seek relief against or based upon a mortgage currently held by movant; and (3) further relief as to the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that on March 5, 2020, this Court shortened "the time requirement for future motions seeking sanctions against the debtor" under Rule 9011(c) from 21 days to 7 days. See Dkt. No. 236.

Dated: July 6, 2020

FEIN, SUCH & CRANE, LLP
Attorneys for Movant

By: /s/ David P. Case
David P. Case
(DC-1001)

28 EAST MAIN STREET, SUITE 1800
ROCHESTER, NY 14614
585-232-7400

To: Shane Christopher Buczek
Julie Philippi.
U.S. Trustee

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| IN RE: | Chapter: 13 |
|---|---|
| Shane Christopher Buczek | Case No. 1-19-11441-CLB |
| Debtor. | ATTORNEY AFFIRMATION |

TO THE HONORABLE CARL L. BUCKI,
UNITED STATES BANKRUPTCY JUDGE:

### OPPOSITION and APPLICATION

I, David P. Case, Esq., am a Partner with the law office of Fein Such & Crane, LLP, and Attorneys for KeyBank National Association ("Secured Creditor"). As such, based on the information provided by Movant on the circumstances contained herein and my personal knowledge of these proceedings and certain legal proceedings in other court(s), I affirm the following under penalty of perjury:

### I. PROCEDURAL HISTORY

1. Secured Creditor presumes the Court is fully aware of the procedural history of this matter. However, to properly flesh out Secured Creditor's opposition and cross-motion for relief, a brief statement of the procedural history and the adoption and incorporation of reference of prior papers is necessary for the completeness of the record.

2. In order to avoid a foreclosure sale scheduled for July 24, 2019, debtor filed for Chapter 13 Bankruptcy protection on July 19, 2019. See Dkt.[1] No. 1.

---

[1] References to this Court's docket and the documents electronically filed therein shall hereinafter be referred to as "Dkt. No. ___"

3. On November 27, 2019, Secured Creditor moved to dismiss the bankruptcy for bad faith or, in the alternative, for *in rem* relief from the automatic stay. Dkt. No. 146. The documents filed in Dkt. No. 146 are hereby fully incorporated into this opposition and cross-motion by reference.

4. On December 10, 2019, debtor objected to the relief sought and cross-moved for his own relief. Dkt. No. 148. Secured Creditor objected to the cross-motion. Dkt. No. 149. The documents filed in Dkt. No. 149 are hereby fully incorporated into this opposition and cross-motion by reference.

5. After oral argument on both motions, this Court granted Secured Creditor's motion for *in rem* relief. Dkt. No. 151. Secured Creditor withdrew the part of its motion to dismiss the bankruptcy for bad faith. Dkt. No. 155.

6. On December 30, 2019, debtor filed a motion for a rehearing. Dkt. No. 168.

7. On January 3, 2020, Secured Creditor opposed the motion for a rehearing. Dkt. No. 169. The documents filed in Dkt. No. 169 are hereby fully incorporated into this opposition and cross-motion by reference.

8. In response to Secured Creditor's opposition to his motion for a rehearing, debtor filed a motion in reply. Dkt. No. 182. Secured Creditor objected to the motion in reply. Dkt. No. 186. The documents filed in Dkt. No. 186 are hereby fully incorporated into this opposition and cross-motion by reference.

9. Debtor also filed a separate motion to vacate the Order granting Secured Creditor *in rem* relief, the business day before the debtor's other motions were scheduled to be heard. Dkt. No. 187.

10. In hearing the debtor's motions at Dkt. No.s 168 and 182, the Court requested a corrective Order, which was granted on January 13, 2020. Dkt. No. 189.

11. Secured Creditor's opposition to debtor's motion to vacate the December 16, 2019, order was filed on January 21, 2020. See Dkt. No. 197. The documents filed in Dkt. No. 197 are hereby fully incorporated into this opposition and cross-motion by reference.

12. Also on January 21, 2020, debtor filed a motion to extend the §341 meeting of the creditors and for an evidentiary hearing related to re-litigating the substance of the Secured Creditor's Motion for *in rem* relief. See. Dkt. No. 198.

13. On January 27, 2020, debtor responded to Secured Creditor's opposition (Dkt. No. 197) to his motion in Dkt. No. 187. Dkt. No. 214.

14. On January 31, 2020, Secured Creditor objected to Debtor's motion (Dkt. No. 198) for an evidentiary hearing and cross-moved for sanctions. Dkt. No.s 215 and 220. The documents filed in Dkt. No.s 215 and 220 are hereby fully incorporated into this opposition and cross-motion by reference.

15. Sometime thereafter, debtor attempted to subpoena Counsel, which the Court denied. Dkt. No. 219.

16. Debtor opposed Secured Creditor's cross-motion for sanctions. Dkt. No. 230.

17. The Court denied Secured Creditor's cross-motion for sanctions but shortened the time period to move for sanctions against the debtor from twenty-one (21) days to seven (7) days. Dkt. No.s 233 and 236.

18. On June 9, 2020, Your Declarant received a letter from the Attorney Grievance Committee for the Seventh Judicial District. While Grievance Committee letters are

confidential, Debtor's May 5, 2020, letter to the Grievance Committee is not. Copies of Debtor's letter to the Grievance Committee and the envelope in which the Grievance Committee advised Your Declarant of the attempted grievance and that no action by the Committee was warranted, are annexed hereto as Exhibit "A".

## II. OPPOSITION TO DEBTOR'S MOTION (Dkt. No. 279) FOR SANCTIONS AND OTHER RELIEF.

19. On behalf of himself and Secured Creditor, Declarant hereby adopts and incorporates by reference the Secure Creditor's previous filings, to wit: Dkt. No.s 146,149, 169, 186, 197, 215, and 220.

20. Debtor's current motion for sanctions is, essentially, his fifth attempt to directly or indirectly challenge the Secured Creditor's right to foreclose the mortgage in this Court.

21. Secured Creditor objects to the bases of debtor's requested relief, to wit: his further *ad hominem* attacks on Secured Creditor, their attorneys, Secured Creditor's mortgage encumbering 7335 Derby Road, Derby, New York (hereinafter the premises), and Secured Creditor's contractual and legal right to enforce the aforesaid mortgage.

22. This is debtor's fifth attempt in this Court to litigate the Secured Creditor's rights to enforce the line-of-credit mortgage granted by his former property owner mother.

23. Debtor continues to insist that Secured Creditor cannot seek relief against him because he didn't sign the note. Debtor continues to attack the validity of the Note and security instrument that provides Secured Creditor's rights to encumber and foreclose upon real property acquired by debtor after Secured Creditor commenced a foreclosure action and filed a Notice of Pendency. Debtor continues to assert that there are "material facts in

controversy" related the Secured Creditor's ability to enforce the mortgage and foreclose the real property even though there was a final State Court Judgment of Foreclosure and Sale issued in the Erie County Court action captioned *KeyBank National Association v. Deborah A. Buczek a/k/a Debora Ann Gall Buczek a/k/a Deborah Ann Gall Buczek a/k/a Debora Gall Buczek, et. al*; Index No. 2015-600022.

24. The current motion is nothing more than another[2] frivolous, vexatious, and abusive backdoor guerilla-style gotcha-litigation attempt to try to litigate the merits of the foreclosure through a sanctions motion against Counsel.

25. On December 16, 2019, this Court granted the portions of Secured Creditor's motion (Dkt. No. 146), which is fully incorporated herein by reference) for *in rem* relief after a near two-hour appearance and argument. From the bench, this Court could not have been more clear: the enforceability of the Secured Creditor's mortgage was not going to be litigated in the Bankruptcy Court; it is a State Court issue.

26. Debtor then moved (Dkt. No. 187) this Court to reconsider its order lifting the stay as to KeyBank, N.A., including two-year *in rem* relief. That motion was denied and the Court granted KeyBank's cross-motion, in part, paving the way for sanctions against the Debtor for future frivolous conduct. Dkt. No. 236.

27. Prior to debtor's filing of this bankruptcy, Secured Creditor obtained a Judgment of Foreclosure and Sale from the State Court presiding over the foreclosure of Secured Creditor's mortgage. Dkt. No. 146, Exh. "G".

28. The motion (Dkt. 146) also referenced and demonstrated the direct and collateral attacks debtor and his mother made against the mortgage in State Court as well as other vexatious and abusive behavior in and out of Supreme Court (including but not limited to grieving Counsel, suing two attorneys with Counsel's office in Small Claims Court, and filing complaint(s) with the Consumer Finance Protection Bureau).

29. In debtor's motion for sanctions related to the prosecution of the KeyBank mortgage, debtor continues his repetitive, abusive, and vexatious attack on Secured Creditor's mortgage, to wit: he continues to make *ipse dixit* allegations of fraud, forgery, bad faith/misrepresentation, and the unenforceability of the mortgage. In this Court, debtor has continued these attacks in Dkt. Nos. 148, 168, 182, 187, 202, and 214.

30. There is no basis to sanction Secured Creditor or any of its attorneys in this matter for being successful in prosecuting a motion for *in rem* relief and defending against several applications for re-hearing or collateral attacks on this Court's determination of the motion for *in rem* relief.

31. Accordingly, insofar as Debtor seeks to further contest KeyBank's rights in this bankruptcy, regardless of form the relief sought, said relief should be denied.

## II. RELIEF REQUESTED FOR SANCTIONS AGAINST DEBTOR.

### Discussion

32. Debtor's continuing abusive and vexatious litigious campaign to attack the well settled secured rights of KeyBank, N.A. over the premises is frivolous and should be sanctioned.

---

[2] It is clear that debtor's motion is intended to harass, hinder, and annoy his adversaries or in the hopes that the motion would be granted on default. Either way, Debtor's pernicious and frivolous motion practice should be denied

33. Federal R. of Bankr. Pro. 9011(c) allows the court to "impose an appropriate sanction upon... parties who have violated [§9011(b)]."

34. By "presenting to the court... a... written motion, or other paper... [an] unrepresented party is certifying that...(2) the claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Bankr. Pro. 9011(b).

35. Rule 9011 applies to *pro se* litigants and subjects them to the same standards as those applied to an attorney; once frivolous conduct is found sanctions are mandatory. In re. Schaefer, 154 B.R. 227 (Bankr. S.D. Tex. 1993)(Debtor sanctioned $2,000.00 for making a sixth application for the same relief).

36. Pre-filing injunctions are a permissible exercise of the Court's discretion to deter vexatious and abusive litigation. See, In re Hartford Textile Corp., 681 F.2d 895, 897 (1982); In re Sassower, 20 F.3d 42, 44 (2d Cir. 1994).

37. "A federal court has well-recognized authority to restrict the activity of abusive litigants." In re Truong, 2009 Bankr. LEXIS 2440 at *23-24, 2009 WL 2929261, 09-11047 (Bankr. S.D.N.Y. 2009) citing Abdul-Akbar v. Watson, 901 F.2d 329 (3d Cir. 1990) and Tripati v. Beaman, 878 F.2d 351 (10th Cir. 1989).

38. "In deciding whether to issue a filing injunction, a court must determine whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Id quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir

and further motion practice enjoined.

1986). Debtor's history of vexatious litigation outside of these proceedings are well documented. See Dkt. No. 146, 215, 220.

39. Within this bankruptcy proceeding, Debtor's abusive and vexatious litigation is self-evident. Even after the Court granted Secured Creditor's motion for *in rem* relief, Debtor continued to file objections, motions to reconsider, and other applications that state their basis is the alleged invalidity of the mortgage the State Court already ruled was enforceable and to be foreclosed through the State Court issued Judgment of Foreclosure and Sale. Dkt. No. 168, 182, 187, 198, 214, 219, and 279.

40. After successfully prosecuting Secured Creditor's interest and defending against Debtor's repetitive motions, Debtor would have this Court sanction Your Declarant.

41. Sanctioning a litigant or their attorneys for prevailing in motion practice just does not make any sense whatsoever.

42. Debtor's motion is clearly the next salvo in his frivolous war of attrition to harass, hinder, and annoy both attorney and client in the hopes that they will just surrender and walk away.

43. Based upon the foregoing, debtor's repetitive, vexatious, and abusive filings seeking to utilize the Bankruptcy Court to review a State Court final Judgment of Foreclosure and Sale, despite this Court ruling to the contrary on December 16, 2019, and in this Court's subsequent decisions denying debtor's motions is going to continue unless this court issues sanctions.

44. Your Declarant reminds the Court of Secured Creditor's argument in Dkt. No.s 215 and 220 as to why monetary sanctions will not be effective.

45. Accordingly, it is respectfully submitted that this Court should levy a monetary sanction in an amount in the Court's discretion that will sufficiently reimburse Secured Creditor for the fees it will have to pay Counsel as well as deter Debtor from any more filings attacking Secured Creditor, the mortgage, or Counsel in this Court.

46. Your Declarant has spent 2.6 hours on reading debtor's motion, communicating with his client related to the motion, reviewing the prior filings to organize a response to the motion, and drafting the opposition and cross-motion. Your Declarant has been practicing law in New York since February 2003 and in the United States District Courts for the Western District of New York since 2006. Your Declarant has also been admitted to practice in the 2d Circuit Court of Appeals since 2009. He focuses his practice on representing mortgage lenders and servicers in litigation related to real property including, but not limited to, mortgage foreclosure actions and bankruptcy proceedings throughout the State of New York. Over his years of practice he has been a panelist, teaching on mortgage foreclosures and evictions in the State of New York, in Continuing Legal Education seminars for the Monroe County Bar Association, the New York State Bar Association, private CLE providers, and industry-conferences. Your Declarant's services in this legal community are worth at least $275.00/hour. Accordingly, any monetary sanctions against debtor should be no less than $715.00 (2.6 hours x $715.00/hour) in legally acceptable and officially recognized United States currency.

47. It is further respectfully requested that this Court issue a sanction by way of an injunction that would prevent Debtor from further attempting to contest, directly or indirectly, the Secured Creditors mortgage in this Court and would also ban any filing attacking Secured Creditor, its attorneys, and employees, or anyone else associated with the Secured Creditor in these proceedings.

48. Therefore, it is respectfully requested that this Court deny the debtor's application for sanctions and grant KeyBank's cross-motion for sanctions and to impose a pre-filing injunction to prevent the debtor from filing any more papers, documents, or motions in this Court that attack the Court's decision to grant *in rem* relief to KeyBank or to attack KeyBank, its secured mortgage position, and/or its attorneys.

WHEREFORE, it is respectfully requested this Court issue an Order denying debtor's motion in its entirety, and grant the cross-motion for a pre-filing injunction precluding debtor from filing any more papers, documents, or motions in this Court that attack either the Order(s) granting relief to KeyBank or attacking KeyBank's mortgage, and further relief as the Court may deem just and proper.

Dated: July 6, 2020

FEIN, SUCH & CRANE, LLP
Attorneys for Movant

By: David P. Case, Esq.
(DC-1001)
28 EAST MAIN STREET, SUITE 1800
ROCHESTER, NY 14614
585-232-7400