# EXHIBIT A

JUN 0 9 2020

UNITED STATES POSTAGE
$ 001.80⁰
02 1P
0000921565   JUN 09 2020
MAILED FROM ZIP CODE 14604
PITNEY BOWES

CONFIDENTIAL

David P. Case, Esq.
Fein, Such & Crane, Llp
28 East Main Street
Suite 1800
Rochester, NY 14614



ATTORNEY GRIEVANCE
COMMITTEE
Fourth Judicial Department
Seventh Judicial District
50 EAST AVENUE, SUITE 404
ROCHESTER, NEW YORK 14604-2206

Grievance Committee for the Seventh Judicial District
Attorney Grievance Committee
50 East Avenue, Suite 404
Rochester, New York 14604-2206
(585) 530-3180
Fax: (585) 530-3191



From:
Mail Address:
Shane Christopher Buczek
Care of 435 Creekside Drive
Suite 200 East
Amherst, New York near [14228]

Re: Elderly abuse by David P Case corrupt and a criminal

**PROFESSIONAL MISCONDUCT: Disbarment - Action taken by a court revoking an attorney's license to practice law. Complaint False Claim Act Violation Neglect and Fraud Upon the Court Lacking Real Party of Interest Rule 17a**

I am the victim of an ongoing crimes by Dave P Case regarding the fake foreclosure action on my private property By Dave P Case by **theft of property, extortion, deception, organized crime, constructive fraud, deprivation of rights denying due process, forcing me into contracts against my will, acts of high crimes and treason!**

**I DO NOT NEED ADVICE THIS IS A COMPLAINT OF FRAUD AND VOILATION OF THE RULES LIST BELOW:**

1.Shane Christopher Buczek the sole owner of 7335 Derby Road Derby New York has a have a right to contest the fake proof of claim and their proof as a secured creditor BEFORE the court can determine their security. See 18 U.S. Code § 152. Concealment of assets; false oaths and claims; bribery, 18 U.S. Code § 157. Bankruptcy fraud and 18 U.S. Code § 3571. Sentence of fine:(a) In General. (4) for a misdemeanor resulting in death, not more than $250,000.

(5) for a Class A misdemeanor that does not result in death, not more than $200,000.

(6) for a Class B or C misdemeanor that does not result in death, not more than $10,000; and

1

(7) for an infraction, not more than $10,000.

2. Dave P Case has told the Court and talk about the bar complaints and wine and cried to the bankruptcy court. The Court Documents are herein in attachment from December 16,2019.

3. **Dave P Case's** did file a motion Sanctions is itself **frivolous** and just another attempt to run up his **exorbitant billing of legal fees to his client KeyBank** for his **subpar** and **ineffective** legal representation. Not one of his Motions has **no basis** whatsoever. **Also, Attachments and Exhibits**

4. Dave P Case **overly broad** and conclusory in that it **does not once provide a single instance** whereby the Shane has filed anything that was **frivolous** or **vexatious** in this case or in ALL OF THESE proceedings. Neither has anything ever been determined to be filed **frivolously** by this Shane by this court! Instead Case **dwells** and **uncompellingly** relies upon **unrelated** and **irrelevant** past litigation, which: (1) **was not involving any aspect of this false Arrest Fake Case.**

5. The Sanctions against Shane, he has no first-hand knowledge of ANY of the information he included for consideration of this court, and neither does his client KeyBank.

6. Dave P. Case has deliberately disobeyed this court's direct order to refile a corrected Order on January 7th, 2020 by intentionally misrepresenting a defective order as genuine and enforceable to the Erie County Registry by his deliberate filing a copy of the erroneous order as being a genuine, with the intent to deceive the State Court in New York. This is because the disingenuous Order said what Mr. Case wanted it to say, and not what the court instructed Mr. Case to make it say. Thereby proving that Case is just as scheming and conniving of a deceitful liar in the New York State Courts as he has been in this Federal Court. This illegal act of misrepresenting a federal court order in a State Court was done by Mr. Case with his full

2

knowledge of the disingenuousness of his actions, AFTER this court had already ordered Case to correct the order. In other words, Case deliberately filed an erroneous revoked order of this court with a State Registry knowing it was false and revoked and passed it off as an original. This is just another example of the types of frauds and forgeries for which Mr. case is so well known throughout the New York State and Federal Court System. To wit: New York Supreme Court Judge Arthur Schack in Brooklyn, New York stated that Mr. Case and his coconspirators have routinely implemented a plethora of schemes and frauds, misrepresentations and forgeries for quite some time. Judge Schack stated the following regarding Mr. Case and his band of incorrigible miscreants at Case's law firm Fein, such and Crane:"[Fein, Such and Crane] are a bunch of petty thieves who fabricate an assembly line of foreclosure fraud procured by obtaining forged documents that knowingly and maliciously create a fictitious appearance of standing in order to sue. "Judge Schack subsequently ruled Case's firm's client lacked any standing whatsoever to sue or foreclose.

FEIN SUCH & CRANE get slammed by Judge Arthur Schack in Brooklyn, NY. A bunch of petty thieves who fabricate an assembly line of Foreclosure Fraud procured by obtaining Forged documents that knowingly and maliciously create a fictitious appearance of standing in order to sue. The corrupt New York State Judges, who are in their pockets, facilitate the assembly line of Fraudulent foreclosure case in turn being major contributors to the destruction of the Financial system in America. Yet in Brooklyn, NY Judge Arthur Schack administers law and brings justice to these domestic financial terrorists that plague this country.

FEIN SUCH & CRANE, LLP Once again caught by the people of America, using Robo-signers, which are documents signed by fictitious entities working at Lender Processing Services in Minnesota and impersonating officers of Mortgage Electronic Registration Systems, Inc

3

(MERS). The scary part is that MERS has no authority to assign anything more than a ham sandwich as they do not own or possess any Mortgage and Notes in order to do so. What LPS does is Fabricate these forged documents lacking power of attorneys, assigning the Mortgage to the plaintiff and NOT the Note. Clear proof and paper trail that firms like FEIN are involved in a Major scheme to defraud homeowners of their lawful rights to the home that they own Firms like FEIN, buy these documents from LPS in order to have an assembly line of fraudulent lawsuits moving along, which have no lawful basis as they represent plaintiffs who DO NOT have the authority to sue. **See Attachment** (1) the evidence of the Fraud for yourself in this decision by Honorable Judge Arthur Schack: IndyMac Fed. Bank. FSB v Meisels | Judge Schack Slams MERS, Fein Such & Crane, LLP & "LIVING DEAD" Indymac Decided on October 4, 2012 Also see U.S. DISTRICT COURT

U.S. District Court, Western District of New York (Buffalo) CIVIL DOCKET FOR CASE #: 1:15-cv-00438-LJV-HKS See Attachment (2)

7. **Furthermore**, and again, Dave P. Case filed a Motion to have my **Motion to Proceed In forma pauperis denied during my appeal.** Since I have been allowed to proceed in forma pauperis before in the same court for appeals. It was my right under **FRAP Rule 24(a)(3)** to proceed in forma pauperis before the appeals court. Therefore, it is **undisputable** that Mr. Case's motion was merely a **pedantic attempt** to **deny my right to appeal** through **another frivolous motion** in another court.

See Exhibit (A) Motion filed by Dave P Case Doc. On 1/8/2020 false statements with Letter from Dave P Case on January 10,2020 and hearing on 12/16/2019 and January 6,2020 in U.S. Bankruptcy Court Western District of New York (Buffalo)Bankruptcy Petition #: 1-19-11441-CLB

4

| | | |
|---|---|---|
| | 150 | Hearing Continued (BK Motion) - Granted in part; denied in part. Motion to Dismiss portion continued to 1/21 at 10 am. Appearances: Debtor Shane Christopher Buczek - telephonic appearance, Attorney for Notice of Appearance Creditor David P Case (TEXT ONLY EVENT) (re: related document(s)146 Motion for Relief From Stay filed by Notice of Appearance Creditor KEYBANK NATIONAL ASSOCIATION, 148 Generic Motion filed by Debtor Shane Christopher Buczek, 149 Objection filed by Notice of Appearance Creditor KEYBANK NATIONAL ASSOCIATION). Hearing to be held on 1/21/2020 at 10:00 AM Buffalo(CLB)-Jackson Courthouse, Orleans Courtroom for 146, (Gentz, M.) (Entered: 12/16/2019) |
| 12/16/2019 | | |
| | 181 | Hearing Held - DENIED; Appearances: Michael Weishaar, Debtor Shane Christopher Buczek (TEXT ONLY EVENT) (re: related document(s)168 Generic Motion filed by Debtor Shane Christopher Buczek). (Gentz, M.) (Entered: 01/06/2020) |
| 01/06/2020 | | |
| | 182 (352 pgs.; 8 docs) | Debtor's Reply Motion to KeyBank's Objection Motion and Mutual Consent Settlement Agreement (RE: related document(s)168 Generic Motion filed by Debtor Shane Christopher Buczek, 179 Objection filed by Notice of Appearance Creditor KEYBANK NATIONAL ASSOCIATION). (Attachments: # 1 Exhibit A # 2 Exhibit B-F # 3 Exhibit G # 4 Exhibit H-I # 5 Exhibit J-O # 6 Exhibit P-R # 7 Certificate of Service) Filed on behalf of Debtor Shane Christopher Buczek (Nieves, J.) (Entered: 01/06/2020) |
| 01/06/2020 | | |

**See** False statements and perjury by David P Case which is a common behavior of him like free pass just like The Sopranos on HBO.

See transcripts of 12/16/2019 page 2 lines 22-25, page 3 lines 1-6 [Shane Christopher Buczek has never had a mortgage nor any debt from Deborah Ann Buczek in any way, shape or form} Dave P Case IS A BIG FAT LIER! Question: Is its True Attorneys Can lie 24/7 and steal homes from the American people with no Claim?

Page 3 line 1, 7-9 and 21 We have no first position! Another great lie just like the FAKE NEWS! More LIES on Page 4 lines24-25...lost documents with no note!

Page 5 lines 1-6

Page 29 lines 21-25More lies

Page 30 lines 1-11 Amazing amount of lies! And more lies from 21-25 Dave P Case never called on the morning of the 9th !

Page 31 lines 5-14 Lies again...

Page 36 lines 3-4

Page 41-line 8-10 Dave P Case refused to serve me a Foreclosure Complaint!

8. **No affidavit by anyone at KeyBank** is included in any part of all Motions State and Federal Court pertaining to accusations made by Mr. Case in his **frivolous** and **unauthorized motion**, of which his client KeyBank is **uninformed**, despite the fact that **KeyBank is undoubtedly paying for this and copious other irrelevant and frivolous acts by Mr. Case through his continued grandstanding and frivolity.**

9. See PLEASE TAKE NOTICE that upon the annexed application of KeyBank National Association., ("Movant"), Secured Creditor, by its attorneys, Fein Such & Crane, LLP., the undersigned will move before the Honorable Carl L. Bucki, United States Bankruptcy Judge, at

6

the United States Bankruptcy Court, Western District of New York, Robert H. Jackson U.S. Courthouse, 2 Niagara Square, Orleans Courtroom, Buffalo, NY 14202, on February 24, 2020, at 10:00 in the forenoon of that day, or as soon thereafter as counsel can be heard for ( 1) sanctioning the debtor, pursuant to Fed. R. Bankr. Pro. 901 l(c) for debtor's continued vexatious and abusive filings; 2) enjoining debtor from filing or causing to file any other papers in this Court that seek relief against or based upon a mortgage currently held by movant; and (3) further relief as to the Court deems just and proper. See Exhibit (B) Shane RESPONSE on FEB 10, 2020

10. Due to the fact that Dave P. Case **Purported creditor KeyBank** has <u>**failed to provide any valid, original Note**</u>, **Mortgage**, or any other security instrument, that has not been disputed by this **Purported creditor KeyBank** which cannot be considered a "secured" creditor - **AS REQUIRED** under the **Federal Rules of Bankruptcy, United States Federal Bankruptcy Code** and UCC requirements set forth in: Fed. R. Bankr. P. 3001(c)**and(d); Rule 3014; Rule 9001(b)(1),(3) and (4);** 11 U.S.C.A. § 362(a) (West)**;** 11 U.S.C.A. § 1111 (West) called **Claims and interests,** 11 U.S.C.A. § 1322 (West), N.Y. U.C.C. Law § 3-307 (McKinney); <u>**NY UCC 3-308**</u>**;** <u>**NY UCC 3-309;**</u> N.Y. U.C.C. Law § 3-803 (McKinney); and N.Y. U.C.C. Law § 3-804 (McKinney). See Exhibit (C) **AFFIDAVIT OF WILLIAM McCaffery August 6th,2015 and April 4th, 2019 AND TRANSCRIPTS PROCESSING HON BUCKI on February 24,2020**

| | |
|---|---|
| 02/18/2020 | <u>230</u> (54 pgs.) **Response to (RE: related document(s)<u>220</u> Motion for Sanctions filed by Notice of Appearance Creditor KEYBANK NATIONAL ASSOCIATION). Filed on behalf of Debtor Shane Christopher Buczek (Nieves, J.) (Entered: 02/20/2020)** |

Case 1-19-11441-CLB, Doc 283-1, Filed 07/07/20, Entered 07/07/20 14:39:20, Description: Exhibit A, Page 9 of 22

| Date | Doc # | Description |
|---|---|---|
| 02/18/2020 | **231** (631 pgs.; 13 docs) | **Appellant Designation of Contents For Inclusion in Record On Appeal , Statement of Issues on Appeal, Filed by Debtor Shane Christopher Buczek (RE: related document(s)200 Notice of Appeal). Appellee designation due by 3/3/2020. (Attachments: # 1 Attachment A-C # 2 Attachment D # 3 Attachment D Continued # 4 Attachment E-G # 5 Attachment H # 6 Attachment H Continued # 7 Attachment H Continued # 8 Attachment H Continued # 9 Attachment H Continued # 10 Attachment H Continued # 11 Attachment H Continued # 12 Attachment I) (Nieves, J.) (Entered: 02/20/2020)** |
| 02/24/2020 | 232 | Hearing Held - MOOT; Appearances: Michael Weishaar, Debtor Shane Christopher Buczek (TEXT ONLY EVENT) (re: related document(s)217 Motion to Extend Time filed by Debtor Shane Christopher Buczek). (Gentz, M.) (Entered: 02/24/2020) |
| 02/24/2020 | 233 | **Hearing Held - Imposition of sanctions is denied but the Court will reduce the time requirement of Rule 9011 (c)(1)(A) from 21 to 7 days. Appearances: Michael Weishaar, Debtor Shane Christopher Buczek (TEXT ONLY EVENT) (re: related document(s)220 Motion for Sanctions** |

8

The scary thing is with all this evidence and the bar grievance Department reviewing these documents and when all the dust settles, they will just dismiss the complaint and do absolutely nothing!

The system is Completely broken through the core were attorneys like David P Case commit fraud day in and day out.... lie steal rob commit more fraud rob homes from hard working American families and nobody does nothing another reason why the people are moving out in New York very quickly! Because it is so corrupt that nobody can fix this place, but Dave could away with anything because he is a great liar!

11. Mr. Case's many response and brief continuously refers to and relies upon broad and conclusory allegation he makes concerning the bankruptcy case of Deborah Ann Buczek, which is an entirely different case. None of the information he uses to support his claims in the KeyBank Motion are derived from the Shane Christopher Buczek bankruptcy case. For these reasons, Case's arguments relating to, supported by or involving anything to do with Deborah Ann Buczek cannot be considered as relevant in this instant matter to foreclosure on Shane Private property.

12. Mr. Case and his co-conspirators at the firm Fein, Such and Crane are already considered by jurists in the state of New York to be "petty thieves" and "fraudsters" pursuant to an opinion issued by the he Hon. Arthur Scheck because of a continuous pattern of misrepresentations in both federal and state courts. HON. ARTHUR M. SCHACKJ. S. C   IndyMac Fed. Bank, FSB v

9

Meisels 2012 NY Slip Op 51902(U) Decided on October 4, 2012 Published by New York State Law Reporting Bureau

████████████████████████████████

13. Case's bald, conclusory and unsupported arguments and documentation, submitted by him on behalf of his client KeyBank, are not only false and misrepresentative, they are uncompelling and not even from this case. <u>Every</u> EXHIBIT that he has submitted and which he relies upon and refers to in his response involve a different case and all of it is unrelated to this appeal. To wit:

(A) Key Equity Option Agreement and Home Equity Line of Credit EXHIBIT: KeyBank and Case state that these were allegedly signed by Deborah A. Buczek, and Deborah disputes and disavows the signatures because they are not authentic. These documents are not original or enforceable. The fact that KeyBank and David P. Case forged and altered these documents notwithstanding, they do not in any way establish the existence of any debt or obligation between this Appellant, Shane Christopher Buczek, and the Appellee, KeyBank.

(B) MORTGAGE between Deborah Ann Buczek and KeyBank, NA, EXHIBIT: Again, a forged and disingenuous document, which is incomplete, <u>not an original</u>. It is an <u>unenforceable</u> document. The signatures are <u>disavowed</u> by the signer. The signer is Deborah Ann Buczek, and in no way does this document establish the existence of any debt or obligation between KeyBank and this Appellant, Shane Christopher Buczek.

(C) NOTICE OF PENDENCY, SUMMONS and COMPLAINT FOR SALE EXHIBIT: Again, neither of these documents establish the legally required notice was issued to the owner of record Shane Christopher Buczek. These were issued to Deborah A. Buczek, who disavows that this debt is enforceable.

10

(D) Foreclosure Action EXHIBIT: Does <u>not</u> name Shane Christopher Buczek, who is the owner

of record, but seeks to <u>steal</u> the house from this Appellant by circumventing him without fair

notice, and stealing the house from the former owner, Deborah A. Buczek. While Case continues

to rant about this Appellant continuously seeking to defer the sale of the property, this is the first

circumstance involving the disputed rights of KeyBank to foreclose upon a house that is owned

by someone else other than on their forged, altered and non-original security instruments.

(E) Dave P. Case as an order signed by NY County Judge DiTullio was allegedly signed by her

on March 17, 2018. Interestingly, as well as disturbingly, this order was not entered on the

docket until May 28, 2019. Currently, the entire foreclosure case, that Mr. Case relies upon in his

non motion being granted, is stayed and scheduled for a hearing to determine the standing of

KeyBank, NA to proceed in any foreclosure action against either Deborah Ann Buczek or Shane

Christopher Buczek.

Therefore, any support documentation or previous rulings used by Mr. Case are not only moot,

they are unreliable because they have not been decided upon. Furthermore, should the court rule

that Mr. Case's client KeyBank lacks standing in the foreclosure proceeding he relies upon to

have this TRO Motion dismissed, none or the information he has submitted to this or any other

court would be binding, pertinent, or relevant.

(F) The JUDGMENT OF FORECLOSURE SALE relied upon by Case in his argument <u>is not</u> in

the name of Shane Christopher Buczek. Furthermore, the judgment of foreclosure sale has <u>NOT</u>

been finalized, as a hearing to determine the standing to proceed in the foreclosure action is

scheduled for April 14, 2020 in the same Erie County Court form which the original foreclosure

order was issued! SEE Exhibit (D)

14. Further described as being Section: 206.04, Block: 2; Lot: 22- TAX ASSESSOR'S: by

Dalwickman Panel 2019-4950 Lien against S.B.L. 206.04-2-22 PENDING treble damages for

($8,520,000.00). NY DOS #202003020129068 & 201312200706329 FOR 7335 DERBY ROAD

DERBY NEW YORK filing pending amended UCC 1 for treble damages THIS

REGISTRATION TO BE EFFECTIVE UNTIL OCTOBER 28,2039. See **Exhibit (E) See**

**arbitration award and Common law Lien INTITAL FINANCING STATEMENT**

**201312200706329** Completely ignored by attorney David P Case because he is above the law it

doesn't have to follow the rules or nothing!

**RULE 4-3.1 MERITORIOUS CLAIMS AND CONTENTIONS** A lawyer shall not bring or

defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and

fact for doing so that is not frivolous, which includes a good faith argument for an extension,

modification, or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or

the respondent in a proceeding that could result in incarceration, may nevertheless so defend the

proceeding as to require that every element of the case be established.

**RULE 4-3.2 EXPEDITING LITIGATION** A lawyer shall make reasonable efforts to expedite

litigation consistent with the interests of the client.

**RULE 4-3.3 CANDOR TOWARD THE TRIBUNAL**

(a) False Evidence; Duty to Disclose. A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of

material fact or law previously made to the tribunal by the lawyer; RRTFB September 19, 2019

(2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a

criminal or fraudulent act by the client;

(3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the

lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel;

or

(4) offer evidence that the lawyer knows to be false. A lawyer may not offer testimony that the lawyer knows to be false in the form of a narrative unless so ordered by the tribunal. If a lawyer, the lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.

(b) Criminal or Fraudulent Conduct. A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging, or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

(c) Ex Parte Proceedings. In an ex Parte proceeding a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether the facts are adverse.

(d) Extent of Lawyer's Duties. The duties stated in this rule continue beyond the conclusion of the proceeding and apply even if compliance requires disclosure of information otherwise protected by rule 4-1.6.

## RULE 4-3.4 FAIRNESS TO OPPOSING PARTY AND COUNSEL A lawyer must not:

(a) unlawfully obstruct another party's access to evidence or otherwise unlawfully alter, destroy, or conceal a document or other material that the lawyer knows or reasonably should know is relevant to a pending or a reasonably foreseeable proceeding; nor counsel or assist another person to do any such act;

(b) fabricate evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness, except a lawyer may pay a witness reasonable expenses incurred by the witness in attending or testifying at proceedings; a reasonable, noncontingent fee for professional services of an expert witness; and reasonable compensation to a witness for the time spent preparing for, attending, or testifying at proceedings;

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists.

(d) in pretrial procedure, make a frivolous discovery request or intentionally fail to comply with a legally proper discovery request by an opposing party.

13

(e) in trial, state a personal opinion about the credibility of a witness unless the statement is authorized by current rule or case law, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the culpability of a civil litigant, or the guilt or innocence of an accused;

(f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless the person is a relative or an employee or other agent of a RRTFB September 19, 2019 client, and it is reasonable to believe that the person's interests will not be adversely affected by refraining from giving such information;

(g) present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter; or

(h) present, participate in presenting, or threaten to present disciplinary charges under these rules solely to obtain an advantage in a civil matter.

**RULE 4-3.5 IMPARTIALITY AND DECORUM OF THE TRIBUNAL** (a) Influencing Decision Maker. A lawyer shall not seek to influence a judge, juror, prospective juror, or other decision maker except as permitted by law or the rules of court. (b) Communication with Judge or Official. In an adversary proceeding a lawyer shall not communicate or cause another to communicate as to the merits of the cause with a judge or an official before whom the proceeding is pending except:

(1) in the course of the official proceeding in the cause.

(2) in writing if the lawyer promptly delivers a copy of the writing to the opposing counsel or to the adverse party if not represented by a lawyer.

(3) orally upon notice to opposing counsel or to the adverse party if not represented by a lawyer; or

(4) as otherwise authorized by law. (c) Disruption of Tribunal. A lawyer shall not engage in conduct intended to disrupt a tribunal. (d) Communication with Jurors. A lawyer shall not:

(1) before the trial of a case with which the lawyer is connected, communicate or cause another to communicate with anyone the lawyer knows to be a member of the venire from which the jury will be selected.

14

(2) during the trial of a case with which the lawyer is connected, communicate or cause another to communicate with any member of the jury.

(3) during the trial of a case with which the lawyer is not connected, communicate or cause another to communicate with a juror concerning the case.

(4) after dismissal of the jury in a case with which the lawyer is connected, initiate communication with or cause another to initiate communication with any juror regarding the trial except to determine whether the verdict may be subject to legal challenge; provided, a lawyer may not interview jurors for this purpose unless the lawyer has reason to believe that grounds for such challenge may exist; and provided further, before conducting any such interview the lawyer must file in the cause a notice of intention to interview setting forth the name of the juror or jurors to be interviewed. A copy of the notice must be delivered to the trial judge and opposing counsel a reasonable time before such interview. The provisions of this rule do not prohibit a lawyer from communicating with members of the venire or jurors during official proceedings or as authorized by court rule or written order of the court.

**RULE 4-3.6 TRIAL PUBLICITY** (a) Prejudicial Extrajudicial Statements Prohibited. A lawyer shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding due to its creation of an imminent and substantial detrimental effect on that proceeding. (b) Statements of Third Parties. A lawyer shall not counsel or assist another person to make such a statement. Counsel shall exercise reasonable care to prevent investigators, employees, or other persons assisting in or associated with a case from making extrajudicial statements that are prohibited under this rule.

**RULE 4-3.7 LAWYER AS WITNESS** (a) When Lawyer May Testify. A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless: (1) the testimony relates to an uncontested issue; (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony relates to the nature and value of legal services rendered in the case; or (4) disqualification of the lawyer would work substantial hardship on the

client. (b) Other Members of Law Firm as Witnesses. A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by rule 4-1.7 or 4-1.9.

**RULE 4-3.8 SPECIAL RESPONSIBILITIES OF A PROSECUTOR** The prosecutor in a criminal case shall: (a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause; (b) not seek to obtain from an unrepresented accused a waiver of important pre-trial rights such as a right to a preliminary hearing; (c) make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating RRTFB September 19, 2019 information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal.

15. David P Case has made several telephone calls with the referee and the judge to quietly and illegally sell the property that would have taken place on March 25th of 2020. See Attachments of all Court Documents

**Rule 2.9: Ex Parte Communications**
Share this:
(A) A judge shall not initiate, permit, or consider ex Parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers, concerning a pending or impending matter, except as follows:
(1) When circumstances require it, ex Parte communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted, provided:
(a) the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex Parte communication; and
(b) the judge makes provision promptly to notify all other parties of the substance of the ex Parte communication and gives the parties an opportunity to respond.
(2) A judge may obtain the written advice of a disinterested expert on the law applicable to a proceeding before the judge, if the judge gives advance notice to the parties of the person to be

16

consulted and the subject matter of the advice to be solicited, and affords the parties a reasonable opportunity to object and respond to the notice and to the advice received.

(3) A judge may consult with court staff and court officials whose functions are to aid the judge in carrying out the judge's adjudicative responsibilities, or with other judges, provided the judge makes reasonable efforts to avoid receiving factual information that is not part of the record, and does not abrogate the responsibility personally to decide the matter.

(B) If a judge inadvertently receives an unauthorized ex Parte communication bearing upon the substance of a matter, the judge shall make provision promptly to notify the parties of the substance of the communication and provide the parties with an opportunity to respond.

(C) A judge shall not investigate facts in a matter independently and shall consider only the evidence presented and any facts that may properly be judicially noticed.


These copies **FILED** by Dave P Case, in fact, **counterfeit securities** as described under 18 U.S.C. § 474 and in the documentation accompanying this letter, and multiple persons have been, or are currently, in possession of multiple copies of said counterfeit securities. I believe the **"original"** wet ink signature documents (securities) have been bundled and sold for profit and are not able to be produced as required by law and this is fraud being committed to steal my property through the counterfeiting of securities.

Attached many legal documents supporting by complaint and copy of the document that has been provided as proof in this matter.

It is obvious it does meet the requirements under **18 U.S.C. § 474** as a "copy" of a security and is therefore a **counterfeit security** presented as evidence to attempt to defraud me. I also believe that this activity has occurred through communications across state lines and I believe it falls under **RICO statute violations as a result.**

**16.** Nearly 50 years ago, the Court of Appeals held that disbarment occurs automatically when a lawyer is convicted of a felony offense and that striking the lawyer's name from the roll of attorneys "is no more than a formal recording of the existing fact of disbarment. It is a solemn pronouncement but not a new adjudication." [*Matter of Ginsberg,* 1 N.Y.2d 144, 146–147, 151 N.Y.S.2d 361, 362–63 (1956).] If any grand jury were to hear this matter, there would be several felonies too many to mention in this bar complaint!

17

Accompanying this letter and many attachments is much more comprehensive information with substantial legal citations of what appears to be happening in this case.

It appears that this is not, by any means, an isolated situation.

I believe it is **your responsibility and duty** to investigate this matter, immediately and completely, to identify those involved, gather evidence, and **pursue whatever criminal charges may be appropriate against the individuals and entities named herein. Please See History of Abuse: See long list of Attachments**

I very much appreciate your cooperation in this matter. Unfortunately, nothing's going to happen because the system is completely broken falsified documents and forge instruments to make it look like you're some kind of loan and there are so many perjured statements I don't even know where to start! Dave P. Case must be disbarred, or the Alternative suspended until the federal grand jury hers this matter.

### § 1240.15 - Conduct of disbarred or suspended attorneys

(a) Prohibition against practicing law.

Attorneys disbarred or suspended shall comply with Judiciary Law sections 478, 479, 484 and 486. After entry of an order of disbarment or suspension, the affected respondent shall not accept any new retainer or engage in any new case or legal matter of any nature as attorney for another. However, during the period between the entry date of the order and its effective date, the respondent may wind up and complete, on behalf of any client, all matters which were pending on the entry date.

(b) Notification of clients.

Within 10 days of the date of entry of an order of suspension or disbarment, the affected respondent shall notify, by certified mail and, where practical, electronic mail, each client of the respondent, the attorney for each party in any pending matter, the court in any pending matter, and the Office of Court Administration for each action where a retainer statement has been filed pursuant to court rules. The notice shall state that the respondent is unable to act as counsel due to disbarment or suspension. A notice to a respondent's client shall advise the client to obtain new counsel. A notice to counsel for a party in a pending action, or to the Office of Court Administration in connection with an action where a retainer statement has been filed pursuant to court rule, shall include the name and address of the respondent's client. Where counsel has been appointed by a court, notice shall also be provided to the appointing court.

18

(c) Duty to return property and files.

Within 30 days of the date of entry of the order of suspension or disbarment, the affected respondent shall deliver to all respondent's clients or third parties, or to a successor attorney designated by such clients or third parties, all money and property (including legal files) in the possession of the respondent to which such clients or third parties are entitled.

(d) Discontinuation of attorney advertising.

Within 30 days of the date of entry of the order of suspension or disbarment, the affected respondent shall discontinue all public and private notices through advertising, office stationery and signage, email signatures, voicemail messages, social media, and other methods, that assert that the respondent may engage in the practice of law.

(e) Forfeiture of secure pass.

Within 30 days of the date of entry of the order of suspension or disbarment, the affected respondent shall surrender to the Office of Court Administration any attorney secure pass issued to him or her.

(f) Affidavit of compliance.

Within 45 days after the date of service of the order of disbarment or suspension, the affected respondent shall file with the court, together with proof of service upon the committee, an affidavit in the form in Appendix B to this Part showing a current mailing address for the respondent and that the respondent has complied with the order and this Part.

(g) Compensation.

A respondent who has been disbarred or suspended from the practice of law may not share in any fee for legal services rendered by another attorney during the period of disbarment or suspension but may be compensated on a quantum meruit basis for services rendered prior to the effective date of the disbarment or suspension. On motion of the respondent, with notice to the respondent's client, the amount and manner of compensation shall be determined by the court or agency where the action is pending or, if an action has not been commenced, at a special term of the Supreme Court in the county where the respondent maintained an office. The total amount of the legal fee shall not exceed the amount that the client would have owed if no substitution of counsel had been required.

(h) Required records.

Case 1-19-11441-CLB, Doc 283-1, Filed 07/07/20, Entered 07/07/20 14:39:20, Description: Exhibit A, Page 21 of 22

A respondent who has been disbarred or suspended from the practice of law shall keep and maintain records of the respondent's compliance with this rule so that, upon any subsequent proceeding instituted by or against the respondent, proof of compliance with this rule and with the disbarment or suspension order or with the order accepting resignation will be available.

Under penalty of perjury, I affirm that the information contained in this document is true and correct to the best of my knowledge.

Dated: May 5th, 2020

Respectfully,

Shane Christopher Buczek