UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------
In re

    SHANE CHRISTOPHER BUCZEK,               BK 19-11441 CLB

                       Debtor.                  DECISION & ORDER
----------------------------------------------------

                    Shane Christopher Buczek
                    435 Creekside Drive
                    Suite 200
                    Amherst New York 14228
                    Pro Se Debtor

                    Fein Such & Crane LLP
                    David P. Case, Esq., of counsel
                    28 East Main Street
                    Suite 1800
                    Rochester, New York 14614
                    Attorney for KeyBank National Association

Bucki, Chief U.S.B.J., W.D.N.Y.

     This Court previously granted the motion of KeyBank National Association for *in rem* relief to allow a foreclosure of the debtor's real property. The debtor has appealed the order and has filed a motion for a stay pending appeal. In deciding this latest motion, a central consideration is the effect of a *lis pendens* on the debtor's ability to revisit a state court judgment of foreclosure and sale.

     Shane Christopher Buczek resides with his mother, Deborah Ann Buczek, in a home located at 7335 Derby Road in Derby, New York (the "Derby Road Property"). On October 7, 2008, at a time when she was the owner of the Derby Road Property, Deborah Ann Buczek gave to KeyBank National Association ("KeyBank") a mortgage to secure a home equity line of credit in the amount of $50,000. KeyBank represents

that the loan has been in default since March of 2014 and that on account of this obligation, Mrs. Buczek owes a sum that with interest now exceeds $67,000.

In January 2015, KeyBank commenced an action to foreclose its mortgage on the Derby Road Property.  The complaint duly listed Deborah Ann Buczek as a defendant by reason of her status as the record owner of the collateral.  With its complaint, KeyBank also filed a notice a pendency or *lis pendens*.  In August of 2017, during the course of the foreclosure proceeding, Deborah Ann Buczek conveyed the Derby Road Property by quitclaim deed to her son, Shane Christopher Buczek.

After more than three years of contentious litigation, Erie County Court Judge Sheila DiTullio granted to KeyBank a judgment of foreclosure and sale on May 16, 2018.  Then on July 20, 2018, Deborah Ann Buczek filed a petition for relief under Chapter 13 of the Bankruptcy Code.  On August 20, Mrs. Buczek filed schedules and a statement of financial affairs.  Although this submission did not include Schedule A regarding ownership of real property, the summary of assets acknowledged unspecified real estate having a value of $100,000.  On Schedule C, Deborah Ann Buczek claimed a homestead exemption for 7335 Derby Road.  Additionally, in the Statement of Financial Affairs, Mrs. Buczek represented that she did not transfer any property during the two years preceding her bankruptcy petition.

In the bankruptcy case of Deborah Ann Buczek, KeyBank moved for relief from the automatic stay on March 4, 2019.  In a written response dated March 28, 2019, Mrs. Buczek described 7335 Derby Road as "her property."  After giving due consideration to her opposition, the Court granted the bank's motion for stay relief on April 1, 2019.  KeyBank then scheduled a foreclosure sale for July 20, 2019, and made

arrangements for the necessary publication of a notice of sale.  On the eve of that sale, however, Shane Christopher Buczek filed the present petition for relief under Chapter 13, and attached to that petition a copy of the quitclaim deed by which he had acquired an interest in the Derby Road Property.

Shane Christopher Buczek has thusfar failed to propose a plan that would cure the outstanding arrears on the loan from KeyBank.  Meanwhile, the mortgagee has received none of the payments that became due on that obligation subsequent to the filing of Mr. Buczek's bankruptcy petition.  For these reasons, on November 27, 2019, KeyBank filed a motion under 11 U.S.C. § 362(d)(1) for relief from the automatic stay. Additionally, KeyBank contended that Shane Christopher Buczek's petition was part of a scheme to delay, hinder or defraud creditors.  Pursuant to 11 U.S.C. § 362(d)(4), therefore, Keybank also requested that stay relief extend to any other bankruptcy case purporting to affect the Derby Road Property filed within two years from the entry of the Court's order.  As reflected in an amended order dated January 13, 2020, this Court vacated the automatic stay and granted *in rem* relief.  From this order, Shane Christopher Buczek filed a notice of appeal on January 21, 2020.

Subsequent to entry of the amended order granting stay relief, KeyBank scheduled the foreclosure sale of the Derby Road Property for March 25, 2020.  In anticipation of that date, Shane Christopher Buczek filed a motion in District Court seeking an emergency injunction and temporary restraining order.  Treating this motion as an application for a stay pending appeal, District Judge John L. Sinatra, Jr., dismissed Buczek's application for the failure to follow the procedural requirements of Bankruptcy Rule 8007(a)(1), which directs that "[o]rdinarily, a party must move first

in the bankruptcy court for . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal."

The urgency of the debtor's application for a stay pending appeal has been ameliorated by the decision of the State of New York to suspend all foreclosure proceedings due to health concerns related to the Covid-19 pandemic. Nonetheless, because reopening of foreclosure activity is inevitable, Shane Christopher Buczek has now filed in the Bankruptcy Court an "Emergency Motion for an injunction and temporary restraining order." Like the District Court, we treat this motion as an application for a stay pending appeal. In this regard, careful consideration has been given to the arguments presented in writing and orally by Mr. Buczek pro se, as well as to the response of KeyBank. For the reasons stated hereinafter, the debtor's motion is denied.

## Discussion

On an application for a stay pending appeal, a litigant must demonstrate four factors, namely "that (1) it would suffer irreparable injury if a stay were denied; (2) there is a substantial possibility, although less than a likelihood, of success on the merits of movant's appeal; (3) other parties would suffer no substantial injury if the stay were granted; and that (4) the public interest favors a stay." *In re General Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009) (citing *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir. 1993)). We recognize that Shane Christopher Buczek would suffer serious consequences if and when KeyBank completes the foreclosure sale of his home. The debtor's argument fails, however, with regard to each of the other three factors.

Most fundamentally, we must deny the debtor's motion because it suggests no discernable basis for a successful appeal.  On February 18, 2020, the debtor filed a statement of issues for appeal.  Having carefully studied the entire submission, the Court can perhaps identify two relevant arguments.  The first is that because Mr. Buczek was not a party to any loan agreement, he is somehow not bound by the judgment of foreclosure and sale.  The foreclosure action seeks not to impose personal liability on Shane Christopher Buczek, but to enforce a pre-existing lien on his real property.  What the debtor overlooks is the consequence of the notice of pendency that KeyBank filed at the time of its commencement of foreclosure proceedings.  Under New York law, "[a] person whose conveyance or incumbrance is recorded after the filing of the [notice of pendency] is bound by all proceedings taken in the action after such filing to the same extent as a party."  C.P.L.R. § 6501 (McKinney 2010).  In the present instance, the notice of pendency filed in state court put the debtor (and the world) on notice of the pending foreclosure action.  For this reason, we need not speculate about the extent of knowledge that Shane Christopher Buczek may likely have had with regard to a foreclosure affecting his mother and the house in which he lived.  By operation of law, Shane Christopher Buczek was bound by the outcome of the foreclosure proceeding.

The other arguably cogent basis of appeal is that the Bankruptcy Court should have revisited the judgment of state court.  The finality of this judgment, however, is a matter that this Court has no authority to consider.  Any issue that the debtor has with that judgment can only be addressed to state court and any appeal may only be pursued through the state appellate process, not that of federal court.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149 (1923) and *District of Columbia Court*

*of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983). "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006) (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22 (2005)).

In his various papers, the debtor makes numerous other assertions. After giving due consideration to all of these points, the Court is unable to discern any issue that might provide a substantial possibility for success on appeal.

The third consideration on an application for a stay pending appeal is whether other parties would suffer injury from a delay. Because KeyBank holds only a second mortgage, it bears the risk that superior encumbrances may prime its lien position. Indeed, this Court has already granted stay relief to the first mortgagee, by reason of a default in making post-petition payments. Meanwhile, taxes continue to accrue. Chapter 13 allows a process for a debtor to cure mortgage arrears, but here, after more than ten months under bankruptcy protection, Mr. Buczek still has not presented a confirmable plan. Nor has he made an offer of adequate protection for the benefit of secured creditors. Under these circumstances, delays in a foreclosure sale will harm the ability of KeyBank to recover the full amount of its established claim.

Finally, a stay pending appeal should be granted only when the public interest favors that outcome. Chapter 13 of the Bankruptcy Code is not a mere ploy to achieve delay, but an opportunity to resolve legitimate financial troubles. Under 11 U.S.C. § 1325(a)(3) and (7), a debtor has an obligation to file a petition in good faith and to

propose a plan in good faith.  Here, the requisite level of good faith is lacking.  In this regard, the present facts are similar to those presented in *In re Johnson*, 428 B.R. 22 (Bankr. W.D.N.Y. 2010), where the debtor acquired encumbered property shortly prior to the filing of his bankruptcy petition.  In denying confirmation and granting stay relief, we relied on an analysis that has fitting application to the present case:

> "Good faith requires a sound and proper motive for seeking the protection of Chapter 13.  For example, a debtor may appropriately use Chapter 13 as a means to resolve financial problems arising from calamity or caused by the debtor's own oversight or error.  In contrast, the present petition seeks not to address personal liabilities of the debtor, but to resolve long-standing obligations of a prior owner of real property."

428 B.R. at 24.

In the present instance, Shane Christopher Buczek seeks to use bankruptcy to prevent the foreclosure of property that he acquired in contemplation of his bankruptcy filing.  For the same reasons stated in *Johnson*, this use of bankruptcy is an act of bad faith.  Meanwhile, for more than six years, KeyBank has received no payment on account of the mortgage obligation.  The courts of New York State have already afforded the debtor and his mother a full opportunity to contest the validity of the bank's claim.  Under these circumstances, any further delay would violate the public interest.

For all of the above reasons, this Court denies the Debtor's motion for a stay or injunction of the amended stay relief order dated January 13, 2020.

So ordered.

Dated: June 26, 2020                      /s/ Carl L. Bucki_____
          Buffalo, New York                   Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.