

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

In re:  CASE NO. 1-19-11441-CLB

Shane Christopher Buczek

---

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

The Debtor, Shane Christopher Buczek, appearing pro se, hereby gives this **NOTICE OF APPEAL** in regard to appealing the "Cross Motion for Sanctions filed by Creditor KeyBank is Granted in the amount of $715" **Document No. 301),** issued by the United States Bankruptcy Court for the Western District of New York on **July 27, 2020** by the **Hon. Carl L. Bucki**, to the United States District Court for the Western District of New York. (Denial of due process is a huge claim with you as the owner)

| | | | |
|---|---|---|---|
| 07/27/2020 | | 301 | Hearing Held - Motion for Sanctions filed by Debtor is Denied. **Cross Motion for Sanctions filed by Creditor KeyBank is Granted in the amount of $715** and the balance of the motion is resolved by Trustee's Cross Motion requesting dismissal of case which is Granted. Trustee to submit proposed order of dismissal. Telephonic Appearances: Janet MacDonald for the Ch 13 Trustee, V. Vilkhu, Debtor Shane Christopher Buczek (TEXT ONLY EVENT) (re: related document(s)279 Motion for Sanctions filed by Debtor Shane Christopher Buczek, 283 Cross Motion filed by Notice of Appearance Creditor KEYBANK NATIONAL ASSOCIATION). Modified on 7/27/2020 (Gentz, M.). (Entered: 07/27/2020) |

This **NOTICE OF APPEAL** is properly filed pursuant to **FRBP Rule 8001(c).** This **NOTICE** is filed within the 14-day requirement established by **FRBP Rule 8002 (a)(1),** and as such is timely filed.

This NOTICE is made as a matter of right pursuant to **FRBP Rule 8003(a)(1),** because it is an appeal of a final ORDER and Judgment issued by the United States Bankruptcy Court for the Western District of New York.

**Reason for Appeal:**

Bankruptcy COURT CAN'T DISMISS THE Bankruptcy case BECAUSE of the ***PENDING APPEALS***. THE TRUSTEE'S MOTION TO DISMISS THE BANKRUCKY CASE SHOULD HAVE BEEN MOOT AND WITHOUT THE SUPPORT OF ANY LEGAL PRECEDANT AND SHOULD HAVE BEEN DENIED UNTIL THE DETRMINATION OF THE APPELLATE COURT. THE DISMISSAL.THIS COURT LACK JURISDICTION TO DISMISS THIS CASE UPON THE GROUNDS OF HIS PEDING (2) APPEALS IN THE Western District Of New York Western District of New York

*UCC 3-804* comes into play because article 3 of the *UCC* does not necessarily equate the person entitled to enforce the note with the person who owns the negotiable instrument. *UCC 3-301*. *UCC 3-804* is intended to provide a method of recovery on instruments that are lost, destroyed or stolen. The plaintiff who claims to be the owner of such an instrument is not a holder as that term is defined under article 3, if the plaintiff is not in possession of the paper, and the plaintiff does not have the holder's prima facie right to recover under *UCC § 3-804*. Thus, under *UCC 3-804*, the plaintiff must establish the terms of the instrument and his ownership, and must account for its absence.

Forged deeds and/or encumbrances are those executed under false pretenses and are void ab initio. The interests of subsequent bona fide purchasers or encumbrancers for value are thus not protected under **_Real Property Law § 266_** when their title is derived from a forged deed or one that is the product of false pretenses. In contrast, a fraudulently induced deed is merely voidable, not void.

That the alleged creditor KeyBank is truly wholly <u>unsecured</u> disinterested party in this case and note and Security instruments <u>presented</u> to this court by creditor KeyBank constitute fraud upon this court, fraud against the United States Trustee and fraud against the Debtor.

The Court did not grant an <u>evidentiary hearing</u> and allow testimony form the signer of the note and the preparers of the note and alleged security instruments submitted by KeyBank, in order to authenticate or invalidate the Note and security instruments submitted by alleged creditor KeyBank See BK Rule 9014 [determinations are based upon these Material Facts in controversy]

**Respectfully Submitted this 4th day of August 2020**, I Shane Christopher Buczek, do hereby affirm that the foregoing is truthful and correct to the best of my knowledge and belief, under penalties of perjury **28 USC Section 1746 (1).**

By: _/s/ Shane Christopher Buczek_
**Shane Christopher Buczek, Petitioner, Pro Se**

# CERTIFICATE OF SERVICE

I, Shane Christopher Buczek the undersigned, hereby certify that a true and correct copy of the **NOTICE OF APPEAL AND STATEMENT OF ELECTION** was served by Mail via the United States Postal Service, with first-class postage prepaid, on January 21, 2020 to the parties appearing below:

1.) *Trustee* Julie Philippi, United States Bankruptcy Trustee Chapter 13 Bankruptcy Trustee 110 Pearl Street 6th Floor Buffalo, New York 14202 and

2.) Robert William Griswold and Michael J. Chatwin Nationstar Mortgage LLC d/b/a Mr. Cooper Shapiro, DiCaro & Barak, LLC 175 Mile Crossing Boulevard Rochester, NY 14624 Phone 585-247-9000 fax 585-247-7380

3. Office of the United States Trustee Joseph W. Allen, Esq Olympic Towers 300 Pearl Street, Suite 401 Buffalo, New York 14202 Phone: (716) 551-5541 Facsimile: (716) 551-5560

4. Dave P. Case and Mark K. Broyles Fein, Such & Crane LLP 28 East Main Street Suite 1800 Rochester, New York 14614

5.) **United States Bankruptcy Court Western District of New York Hon. Carl J. Bucki**, 2 Niagara Square Buffalo, NY 14202 (716) 362-3200 Hon Carl J. Bucki was served in person through the Clerk of the Court by **EFiling** with the Clerk of Court in Bankruptcy Court.

**I declare under penalty of perjury, that the foregoing is true and correct.**

Dated: August 4th, 2020        by: _/s/ Shane Christopher Buczek_

Shane Christopher Buczek