UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| IN RE:<br><br>Shane Christopher Buczek<br><br>Debtor. | Chapter: 13<br><br>Case No. 1-19-11441-CLB<br><br>ATTORNEY AFFIRMATION |
|---|---|

TO THE HONORABLE CARL L. BUCKI,
UNITED STATES BANKRUPTCY JUDGE:

OPPOSITION and APPLICATION

I, David P. Case, Esq., am a Partner with the law office of Fein Such & Crane, LLP, and Attorneys for KeyBank National Association ("Secured Creditor"). As such, based on the information provided by Movant on the circumstances contained herein and my personal knowledge of these proceedings and certain legal proceedings in other court(s), I affirm the following under penalty of perjury:

**I.      PROCEDURAL HISTORY**

1. Secured Creditor presumes the Court is fully aware of the procedural history of this matter. However, to properly flesh out Secured Creditor's opposition and cross-motion for relief, a brief statement of the procedural history and the adoption and incorporation of reference of prior papers is necessary for the completeness of the record.

2. In order to avoid a foreclosure sale scheduled for July 24, 2019, debtor filed for Chapter 13 Bankruptcy protection on July 19, 2019. See Dkt.[1] No. 1.

---

[1] References to this Court's docket and the documents electronically filed therein shall hereinafter be referred to as "Dkt. No. __"

3. On November 27, 2019, Secured Creditor moved to dismiss the bankruptcy for bad faith or, in the alternative, for *in rem* relief from the automatic stay. Dkt. No. 146. The documents filed in Dkt. No. 146 are hereby fully incorporated into this opposition and cross-motion by reference.

4. On December 10, 2019, debtor objected to the relief sought and cross-moved for his own relief. Dkt. No. 148. Secured Creditor objected to the cross-motion. Dkt. No. 149. The documents filed in Dkt. No. 149 are hereby fully incorporated into this opposition and cross-motion by reference.

5. After oral argument on both motions, this Court granted Secured Creditor's motion for *in rem* relief. Dkt. No. 151. Secured Creditor withdrew the part of its motion to dismiss the bankruptcy for bad faith. Dkt. No. 155.

6. On December 30, 2019, debtor filed a motion for a rehearing. Dkt. No. 168.

7. On January 3, 2020, Secured Creditor opposed the motion for a rehearing. Dkt. No. 169. The documents filed in Dkt. No. 169 are hereby fully incorporated into this opposition and cross-motion by reference.

8. In response to Secured Creditor's opposition to his motion for a rehearing, debtor filed a motion in reply. Dkt. No. 182. Secured Creditor objected to the motion in reply. Dkt. No. 186. The documents filed in Dkt. No. 186 are hereby fully incorporated into this opposition and cross-motion by reference.

9. Debtor also filed a separate motion to vacate the Order granting Secured Creditor *in rem* relief, the business day before the debtor's other motions were scheduled to be heard. Dkt. No. 187.

10. In hearing the debtor's motions at Dkt. No.s 168 and 182, the Court requested a corrective Order, which was granted on January 13, 2020. Dkt. No. 189.

11. Secured Creditor's opposition to debtor's motion to vacate the December 16, 2019, order was filed on January 21, 2020. See Dkt. No. 197. The documents filed in Dkt. No. 197 are hereby fully incorporated into this opposition and cross-motion by reference.

12. Also, on January 21, 2020, debtor filed a motion to extend the §341 meeting of the creditors and for an evidentiary hearing related to re-litigating the substance of the Secured Creditor's Motion for *in rem* relief. See. Dkt. No. 198.

13. On January 27, 2020, debtor responded to Secured Creditor's opposition (Dkt. No. 197) to his motion in Dkt. No. 187. Dkt. No. 214.

14. On January 31, 2020, Secured Creditor objected to Debtor's motion (Dkt. No. 198) for an evidentiary hearing and cross-moved for sanctions. Dkt. No.s 215 and 220. The documents filed in Dkt. No.s 215 and 220 are hereby fully incorporated into this opposition and cross-motion by reference.

15. Sometime thereafter, debtor attempted to subpoena Counsel, which the Court denied. Dkt. No. 219.

16. Debtor opposed Secured Creditor's cross-motion for sanctions. Dkt. No. 230.

17. The Court denied Secured Creditor's cross-motion for sanctions but shortened the time period to move for sanctions against the debtor from twenty-one (21) days to seven (7) days. Dkt. No.s 233 and 236.

18. Debtor then moved for Sanctions and other relief against KeyBank and its attorney, David P. Case, Esq. Dkt. No. 279.

19. KeyBank opposed the motion and cross-moved for sanctions against the debtor. Dkt. No. 283. Debtor responded to the motion. Dkt. No. 300.

20. On July 27, 2020, this Court denied debtor's motion for sanctions and granted KeyBank's cross-motions for sanctions against the debtor. Dkt. No.s 301 and 302. The Court put its reasons for sanctioning debtor on the record on July 27, 2020, then signed the order sanctioning Debtor on August 26, 2020. Dkt. No. 333.

21. In the course of appealing this Court's Order for sanctions against him, on September 24, 2020, Debtor filed a "Second Supplemental to the Designation of the Record on Appeal and Statement of Issues for Appeal" wherein he attached the transcript from the appearance and argument on the July 27, 2020, motions. Dkt. No. 359.

22. Debtor now moves for a rehearing of the cross-motion granting sanctions against him that can be summarized by the following:

    a. Debtor once again attempts to attack the validity or enforceability of the note and security instrument;

    b. Asks what reasons were given on the record for the sanctions against him;

    c. Retypes one of the paragraphs in the Order sanctioning him;

    d. Suggests the appellate standard of review of the Order sanctioning him.

    e. References a Bill introduced in House of Representatives that would put the U.S. Dollar back on the gold standard.

**II.     OPPOSITION TO DEBTOR'S MOTION (Dkt. No. 340) FOR REHEARING AND OTHER RELIEF.**

23. On behalf of himself and Secured Creditor, Declarant hereby adopts and incorporates by reference the Secure Creditor's previous filings, to wit: Dkt. No.s 146,149, 169, 186, 197, 215, 220, and 300.

24. Other than the bald conclusory allegations against the Note and mortgage, Debtor's motion appears to be based upon wanting an explanation on why he was sanctioned. However, Debtor is fully aware of why since the transcript was in his possession to include it in the Designation of the Record on Appeal. See, Dkt. No. 359, Exhibit "A".

25. Starting on page 31 of the transcript, the Court gave its opinion:

> "Fundamentally, what we have here is a foreclosure proceeding that was decided in state court. Under New York law when a lis pendens is filed – or sometimes it's called a notice of pendency – the effect is to bind not only the owner of the property but also anyone that subsequently acquires an interest in the property. The foreclosure proceeding was commenced against Deborah Buczek when the property was thereafter transferred. That transfer did not diminish the ruling of the state court but the ruling of the state court became binding on anyone that acquired a subsequent interest in the property. That decision of the state court is final and is resolved and settles the –
> MR. BUCZEK:   Your Honor –
> THE COURT:   -- the –
> MR. BUCZEK:   Your Honor –
> THE COURT:   No. It's my turn to speak.
> MR. BUCZEK:   I'm sorry.
> THE COURT:   -- and settles the matter in terms of the KeyBank issue.
> Having said that – I say that as preliminary background. Having said that, the motions for sanctions by Mr. Buczek against Mr. Vilkhu's firm has no validity, no basis, and therefore, that motion is denied.
> We then have a cross-motion that's been filed looking for sanctions. I'm going to grant that motion…"

26. Perhaps Mr. Buczek did not hear or understand what the Court was saying when he tried to interrupt the Court when it was giving its decision. Perhaps Mr. Buczek did not read

the transcript before he made his current motion. But, Mr. Buczek has the transcript in his possession, as is evident by his attaching it to a Supplemental Designation of the Record on Appeal, and has actual notice and knowledge of the basis of this Court's decision.

27. However, as an officer of the Court, perhaps one might put the Court's decision another way that Mr. Buczek can digest.

28. Under N.Y. C.P.L.R. § 6501, "A person whose conveyance or incumbrance is recorded after the filing of the notice [of pendency] is bound by all proceedings taken in the action after such filing to the same extent as a party."

29. Prior to Debtor obtaining title to the subject premises, a foreclosure action was commenced in 2015, with a Notice of Pendency being filed contemporaneously with the Summons and Complaint.

30. Two years after the foreclosure was commenced, and after a Notice of Pudency was filed, Deborah Buczek deeded the premises to the Debtor on August 7, 2017.

31. On May 16, 2018, the State Court issued a Judgment of Foreclosure and Sale. Thus, at that time and pursuant to N.Y. C.P.L.R. §6501, debtor was "bound by all proceedings taken in the [foreclosure action] to the same extent as a party."

32. This Court, seeing a final judgment in New York State Court afforded that judgment with Full Faith and Credit. This Court has explained to Debtor in at least two occasions (at oral argument on KeyBank's December 2019 motion for relief of stay and at the cross-motions for sanctions against Mr. Buczek) that any challenge to the validity, enforceability, or foreclosable of the mortgage is for the *State* Court to determine in this matter because there is a final judgment.

33. While it is understandable that Mr. Buczek does not like the outcome, he either fails or refuses to listen to the Court. Instead of allowing the District Court to determine his perfected appeal, he continues to waste this Court's time, KeyBank's Counsel's time, and KeyBank's resources with filing after filing after filing continuing to try to challenge the underlying note and mortgage.

34. Debtor's current motion for rehearing is, essentially, his sixth attempt to directly or indirectly challenge the Secured Creditor's right to foreclose the mortgage in this Court.

35. This is debtor's sixth attempt in this Court to litigate the Secured Creditor's rights to enforce the line-of-credit mortgage granted by his former property owner mother—this time under the cover of wanting explanation of this Court's determination to sanction him.

36. Debtor's misplaced and random mention of a Bill introduced into the House of Representatives in 2019 to put the U.S. Dollar back on the gold standard is of no moment and is completely irrelevant. Reference to a *proposed* Bill to put the dollar back on the gold standard, itself, smacks of frivolous irrelevance meant to lead the Court astray and cause obfuscation and confusion.

37. Debtor continues to attack the validity of the Note and security instrument that provides Secured Creditor's rights to encumber and foreclose upon real property acquired by debtor The final State Court Judgment of Foreclosure and Sale was issued in the Erie County Court action captioned *KeyBank National Association v. Deborah A. Buczek a/k/a Debora Ann Gall Buczek a/k/a Deborah Ann Gall Buczek a/k/a Debora Gall Buczek, et. al*; Index No. 2015-600022.

38. The current motion is nothing more than another[2] frivolous, vexatious, and abusive backdoor guerilla-style gotcha-litigation attempt to try to litigate the merits of the foreclosure or get out from the consequences of his previously sanctioned frivolous conduct.

39. On December 16, 2019, this Court granted the portions of Secured Creditor's motion (Dkt. No. 146), (which is fully incorporated herein by reference) for *in rem* relief after a near two-hour appearance and argument. From the bench, this Court could not have been clearer: the enforceability of the Secured Creditor's mortgage was not going to be litigated in the Bankruptcy Court; it is a State Court issue.

40. Debtor then moved (Dkt. No. 187) this Court to reconsider its order lifting the stay as to KeyBank, N.A., including two-year *in rem* relief. That motion was denied and the Court granted KeyBank's cross-motion, in part, paving the way for sanctions against the Debtor for future frivolous conduct. Dkt. No. 236.

41. Prior to debtor's filing of this bankruptcy, Secured Creditor obtained a Judgment of Foreclosure and Sale from the State Court presiding over the foreclosure of Secured Creditor's mortgage. Dkt. No. 146, Exh. "G".

42. The motion (Dkt. 146) also referenced and demonstrated the direct and collateral attacks debtor and his mother made against the mortgage in State Court as well as other vexatious and abusive behavior in and out of Supreme Court.

---

[2] It is clear that debtor's motion is intended to harass, hinder, and annoy his adversaries or in the hopes that the motion would be granted on default. Either way, Debtor's frivolous motion practice should be denied, and further motion practice enjoined.

43. In debtor's motion for sanctions related to the prosecution of the KeyBank mortgage, debtor continued his repetitive, abusive, and vexatious attack on Secured Creditor's mortgage, to wit: he continues to make *ipse dixit* allegations of fraud, forgery, bad faith/misrepresentation, and the unenforceability of the mortgage. In this Court, debtor has continued these attacks in Dkt. Nos. 148, 168, 182, 187, 202, and 214.

44. There is no basis for this Court to consider a rehearing of the motion and cross-motion for sanctions. The Court properly denied debtor's motion and granted KeyBank's cross-motion. The Court was clear on the basis and reasons for its determination by stating those reasons in the record.

45. Accordingly, insofar as Debtor seeks to further contest KeyBank's rights in this bankruptcy, or overturn the consequences of his prior sanctionable conduct regardless of form the relief sought, said relief should be denied.

## II. RELIEF REQUESTED FOR SANCTIONS AGAINST DEBTOR.

### Discussion

46. Debtor's continuing abusive and vexatious litigious campaign to attack the well settled secured rights of KeyBank, N.A. over the premises is frivolous and should be sanctioned.

47. Federal R. of Bankr. Pro. 9011(c) allows the court to "impose an appropriate sanction upon… parties who have violated [§9011(b)]."

48. By "presenting to the court… a… written motion, or other paper… [an] unrepresented party is certifying that…(2) the claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Bankr. Pro. 9011(b).

49. Rule 9011 applies to *pro se* litigants and subjects them to the same standards as those applied to an attorney; once frivolous conduct is found sanctions are mandatory. In re. Schaefer, 154 B.R. 227 (Bankr. S.D. Tex. 1993)(Debtor sanctioned $2,000.00 for making a sixth application for the same relief).

50. Pre-filing injunctions are a permissible exercise of the Court's discretion to deter vexatious and abusive litigation. See, In re Hartford Textile Corp., 681 F.2d 895, 897 (1982); In re Sassower, 20 F.3d 42, 44 (2d Cir. 1994).

51. "A federal court has well-recognized authority to restrict the activity of abusive litigants." In re Truong, 2009 Bankr. LEXIS 2440 at *23-24, 2009 WL 2929261, 09-11047 (Bankr. S.D.N.Y. 2009) citing Abdul-Akbar v. Watson, 901 F.2d 329 (3d Cir. 1990) and Tripati v. Beaman, 878 F.2d 351 (10th Cir. 1989).

52. "In deciding whether to issue a filing injunction, a court must determine whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Id quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir 1986). Debtor's history of vexatious litigation outside of these proceedings are well documented. See Dkt. No. 146, 215, 220.

53. Within this bankruptcy proceeding, Debtor's abusive and vexatious litigation is self-evident. Even after the Court granted Secured Creditor's motion for *in rem* relief, Debtor continued to file objections, motions to reconsider, and other applications that state their basis is the alleged invalidity of the mortgage the State Court already ruled was enforceable and to be foreclosed through the State Court issued Judgment of Foreclosure and Sale. Dkt. No. 168, 182, 187, 198, 214, 219, and 279.

54. After successfully prosecuting Secured Creditor's interest and defending against Debtor's repetitive motions, Debtor would have this Court reconsider the sanctions against him.

55. Debtor's motion is the next salvo in his frivolous war of attrition to harass, hinder, and annoy both attorney and client in the hopes that they will just surrender and walk away.

56. Based upon the foregoing, debtor's repetitive, vexatious, and abusive filings seeking to utilize the Bankruptcy Court to review a State Court final Judgment of Foreclosure and Sale, despite this Court ruling to the contrary on December 16, 2019, and in this Court's subsequent decisions denying debtor's motions is going to continue unless this court issues sanctions—including enjoining him from filing anything further in this Bankruptcy—which debtor continues to do despite the bankruptcy being dismissed on July 28, 2020. See Dkt. No. 316, 318, 340, 342, and 365 (not counting the multiple appellate filings appealing the loss of every motion he filed).

57. Your Declarant reminds the Court of Secured Creditor's argument in Dkt. No.s 215 and 220 as to why monetary sanctions will not be effective. Indeed, the Court sanctioning Buczek did not deter him, but merely changed his focus on attacking the sanctions while making bald conclusory statements that the note is "inauthentic", "forged and altered".

58. Accordingly, it is respectfully submitted that this Court should levy a monetary sanction in an amount in the Court's discretion that will sufficiently reimburse Secured Creditor for the fees it will have to pay Counsel as well as deter Debtor from any more filings attacking Secured Creditor, the mortgage, or Counsel in this Court.

59. Your Declarant has spent 1.8 hours on reading debtor's motion, communicating with his client related to the motion, reviewing the prior filings to organize a response to the motion, and drafting the opposition and cross-motion. Your Declarant has been practicing law in New York since February 2003 and in the United States District Courts for the Western District of New York since 2006. Your Declarant has also been admitted to practice in the 2d Circuit Court of Appeals since 2009. He focuses his practice on representing mortgage lenders and servicers in litigation related to real property including, but not limited to, mortgage foreclosure actions and bankruptcy proceedings throughout the State of New York. Over his years of practice he has been a panelist, teaching on mortgage foreclosures and evictions in the State of New York, in Continuing Legal Education seminars for the Monroe County Bar Association, the New York State Bar Association, private CLE providers, and industry-conferences. Your Declarant's services in this legal community are worth at least $275.00/hour. Accordingly, any monetary sanctions against debtor should be no less than $467.50 (1.7 hours x $715.00/hour) in legally acceptable and officially recognized United States currency.

60. Any such sanctions should also calculate the time Counsel will have to spend appearing in opposition to Buczek's motion and in support of the cross-motion.

61. Any such sanctions should also include an aggregator sanction as a punitive measure. Sanctions are meant to make the party suffering from their adversary's frivolous conduct, but are also meant to punish the frivolity of the malfeasor to deter further sanctionable conduct.

62. Your Declarant, in parallel, respectfully submits that no level of monetary sanction is likely to deter Debtor. It is further respectfully requested that this Court issue a sanction by way of an injunction that would prevent Debtor from further attempting to contest, directly or indirectly, the Secured Creditors mortgage in this Court and would also ban any filing attacking Secured Creditor, its attorneys, and employees, or anyone else associated with the Secured Creditor in these proceedings.

63. Therefore, it is respectfully requested that this Court deny the debtor's application for rehearing and grant KeyBank's cross-motion for sanctions and to impose a pre-filing injunction to prevent the debtor from filing any more papers, documents, or motions in this Court that attack the Court's decision to grant *in rem* relief to KeyBank or to attack KeyBank, its secured mortgage position, and/or its attorneys.

WHEREFORE, it is respectfully requested this Court issue an Order denying debtor's motion in its entirety, and grant the cross-motion for a pre-filing injunction precluding debtor from filing any more papers, documents, or motions in this Court that attack either the Order(s) granting relief to KeyBank or attacking KeyBank's mortgage, and further relief as the Court may deem just and proper.

Dated: October 12, 2020

FEIN, SUCH & CRANE, LLP
Attorneys for Movant

By: _____
David P. Case, Esq.
(DC-1001)
28 EAST MAIN STREET, SUITE 1800
ROCHESTER, NY 14614
585-232-7400