UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANE CHRISTOPHER BUCZEK,

        Appellant,

v.                                                                                            20-CV-80 (JLS)

KEYBANK N.A.,

        Appellee.
_____

## DECISION AND ORDER

    Appellant Shane Christopher Buczek appeals from an order of the United States Bankruptcy Court for the Western District of New York, entered on the record on December 16, 2019 and memorialized in a corrective order dated January 13, 2020, granting *in rem* relief from the automatic stay that went into effect upon the July 19, 2019 filing of his Chapter 13 bankruptcy case. *See generally* Dkt. 1.[1]

    For the reasons below, this Court determines that Buczek's arguments on appeal are without merit, and the decision of the Bankruptcy Court will be affirmed.

---

[1] Citations to the docket in this appeal (No. 20-CV-80) will be cited as "Dkt." Citations to the relevant docket of Buczek's bankruptcy case (Bankr. Case No. 19-11441) will be cited as "Bankr. Dkt." The record on appeal is also located on the appellate docket at Dkts. 12-14. Citations to any other docket will be cited as "Case No. __, Dkt.".

1

## BACKGROUND

This case[2] concerns real property located at 7335 Derby Road, Derby, NY 14047. Deborah Buczek obtained a home equity line of credit in the amount of $50,000 on October 7, 2008, which was memorialized in a Key Equity Options Agreement. *See* Bankr. Dkt. 146-1, Exh. A. Deborah Buczek offered as security the real property located at 7335 Derby Road, Derby, NY 14047 by executing a Home Equity Line of Credit Mortgage. *See* Bankr. Dkt. 146-2, Exh. B. After Deborah Buczek became delinquent in mortgage payments, KeyBank commenced a foreclosure action in New York Supreme Court, Erie County in 2015. Dkt. 24, at 3. Deborah Buczek moved to dismiss the action, which was denied in 2016. *See* Bankr. Dkt. 146-3, Exh. C.

While the foreclosure action was pending in state court, Deborah Buczek executed a quitclaim deed of the property on August 7, 2017, for $1,000 to her son—and the appellant in this appeal—Shane Christopher Buczek. *See* Bankr. Dkt. 146-6, Exh. F.

---

[2] This is one of several bankruptcy appeals before this Court stemming from this petitioner's bankruptcy case—or that of his mother—and involving this property. *See, e.g.*, *Buczek v. Nationstar Mortgage LLC*, No. 19-CV-1402 (JLS), 2021 WL 631281 (W.D.N.Y. Feb. 17, 2021) *Buczek v. KeyBank, N.A.*, 19-CV-527 (JLS), 2020 WL 7237681 (W.D.N.Y. Dec. 8, 2020); *Buczek v. KeyBank N.A.*, No. 20-CV-1697 (W.D.N.Y. filed Nov. 20, 2020); *Buczek v. Nationstar Mortgage LLC*, No. 20-CV-1445 (W.D.N.Y. filed Oct. 6, 2020); *Buczek v. KeyBank N.A.*, No. 20-CV-1322 (W.D.N.Y. filed Sept. 17, 2020); *Buczek v. KeyBank N.A.*, No. 20-CV-1046 (W.D.N.Y. filed Aug. 7, 2020). This order is limited to the civil case No. 20-CV-80 appealing the decision and order identified on page one above, and the Court limits the discussion of these other cases, as well as any cases in state court, except as relevant to this appeal.

On April 26, 2018, the state court issued an Order Confirming Referee Report and Judgment of Foreclosure and Sale. *See* Bankr. Dkt. 146-7, Exh. G. The Judgment ordered the property be sold and the plaintiff KeyBank was entitled to $59,965.92, together with any advances as provided in the agreements, $2,482.00 for costs and disbursements, and $4,950.00 for attorneys' fees. *Id.* at 9-10. After this judgment was entered, Deborah Buczek filed a second motion to dismiss while Buczek moved to join the action. *See* Bankr. Dkt. 146-8, Exh, H. The state court denied the motions in a bench decision on July 20, 2018. *See* Bankr. Dkt. 146-11, Exh. K (order and transcript reflecting decision).

That same day, on July 20, 2018, Deborah Buczek filed a Chapter 13 petition for relief in United States Bankruptcy Court for the Western District of New York. Chapter 13 Voluntary Petition, *In re Deborah Ann Buczek*, No. 18-11401 (Bankr. W.D.N.Y. filed July 20, 2018), Dkt. 1.[3]

On July 19, 2019, Shane Christopher Buczek filed this Chapter 13 Bankruptcy case. Bankr. Dkt. 1. According to KeyBank, this filing occurred on the eve of the rescheduled foreclosure sale. Bankr. Dkt. 146, at 11. On November 27, 2019, KeyBank moved for relief from the automatic stay seeking *in rem* relief and to dismiss the bankruptcy case. *See generally* Bankr. Dkt. 146.

---

[3] This filing resulted in an automatic stay of the foreclosure under 11 U.S.C. § 362. KeyBank filed a motion for relief from the automatic stay, which was granted on April 1, 2019. *See Buczek v. KeyBank, N.A.*, No. 19-CV-527 (JLS), 2020 WL 7237681, at *1 (W.D.N.Y. Dec. 8, 2020). Deborah Buczek appealed the Bankruptcy Court's decision to this Court, which affirmed the decision to grant stay relief. *See generally id.*

3

On December 16, 2019, Bankruptcy Judge Bucki held a hearing on KeyBank's motion. Bankr. Dkt. 151. The Bankruptcy Court permitted Buczek—who was unable to appear in-person that day—to appear and participate in the hearing by telephone. Dkt. 28, Hr'g Tr. 2:6-10, Dec. 16, 2019 (hereinafter "Dec. 16 Hr'g Tr."). By order dated December 16, 2019, (the "Dec. 16 Order"), Judge Bucki granted two-year *in rem* relief from the automatic stay and adjourned the portion of the motion seeking dismissal.[4] Bankr. Dkt. 151. Appellant Buczek timely appealed this order to this Court under case number 20-CV-10.[5] Bankr. Dkt. 158.

Buczek filed a motion for rehearing of this order on December 30, 2019, *see* Bankr. Dkt. 168, which was denied at a hearing held on January 6, 2020. *See generally* Dkt. 27, Hr'g Tr., Jan. 6, 2020 (hereinafter "Jan. 6. Hr'g Tr."). At that hearing, Judge Bucki acknowledged two nonmaterial errors in the Dec. 16 order to be corrected. *Id.* Hr'g Tr. 33:3-25.

On January 13, 2020, Judge Bucki issued the corrective order ("Jan. 13 Order") that is the subject of this appeal. Bankr. Dkt. 189. The Jan. 13 Order incorporated language to reflect Buczek's opposition and that Buczek himself had only filed one bankruptcy filing affecting the property, not multiple. *Id.* at 1. Otherwise the Jan. 13 Order granted the same relief as the earlier Dec. 16 Order:

---

[4] KeyBank has since withdrawn that part of its motion seeking dismissal of the case. *See* Bankr. Dkt. 155.

[5] This appeal was dismissed based on Buczek's acknowledgement that Judge Bucki issued the corrective order, which was appealed under the current case (Case No. 20-CV-80) and supersedes the prior order.

> [I]t is ORDERED that the automatic stay under 11 U.S.C. § 362(a) is vacated under 11 U.S.C. § 362(d)(1) as to Movant's interest in the Property, to permit Movant to pursue its rights in and remedies in and to the Property as well as for Movant or its attorneys to bring judicial actions to protect themselves from non-judicial filings made by or on behalf of the debtor; and it is further
> ORDERED that, under 11 U.S.C. § 362(d)(4), and provided that this order is recorded in conformity therewith, this order terminating the automatic stay under 11 U.S.C. § 362(a) as to Movant's interest in the Property shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two years after the date of this order, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to Movant's interest in the Property.

*Id.* at 1-2. This order also stated that the filing of Buczek's bankruptcy petition "was part of a scheme to delay, hinder, and defraud creditors that has involved multiple bankruptcy filings affecting the Property" and cited "good and sufficient cause appearing, including failures to perform the duties of debtors under the Bankruptcy Code in good faith in multiple bankruptcy cases affecting the Property . . . ." *Id.*

On January 21, 2020, Buczek filed a notice of appeal of the Jan. 13 Order in the instant appeal (Case No. 20-CV-80). Dkt. 1.

Buczek filed an emergency motion for an injunction and temporary restraining order on March 11, 2020, seeking to prevent enforcement of the Jan. 13 Order's lifting of the automatic stay imposed and, thereby, preventing the sale of the property scheduled to take place on March 25, 2020. *See generally* Dkt. 3, at 3-12. This Court denied the emergency motion on March 24, 2020, citing lack of jurisdiction on account of Buczek's failure to seek a stay of the order pending appeal

in bankruptcy court in the first instance, as required by Federal Rule of Bankruptcy Procedure 8007. Dkt. 8, at 4-9.

After receiving several extensions, Buczek filed his brief on the merits in this appeal on August 24, 2020. Dkt. 23. KeyBank filed its brief on September 21, 2020. Dkt. 24. Buczek replied on October 5, 2020.

## DISCUSSION

### I. ISSUES ON APPEAL

Buczek contends that the Bankruptcy Court erred in granting the motion for relief from the automatic stay. Buczek sets forth a lengthy list of issues, summarized as follows: violation of Buczek's due process rights, particularly denial of an opportunity to prepare and submit a full defense to KeyBank's motion; the Bankruptcy Court's order is void and a *per se* abuse of discretion due to being issued in denial of due process; the Bankruptcy Court erred in deciding to remove the stay based on Buczek's failure to make payments to KeyBank when no loan exists in the name of Buczek and he was not required to make such payments; KeyBank is an unsecured disinterested party and cannot produce a valid, original enforceable note, mortgage, or other security agreement; KeyBank did not post the requisite bond; KeyBank's materially false statements and misrepresentations prevent any application of the *Rooker-Feldman* doctrine in this case to enforce state court judgments; Buczek is entitled to an evidentiary hearing; KeyBank's lawyers have violated the law by engaging in fraud and bad faith litigation; and KeyBank was not entitled to relief from the stay under Section 362(d). Dkt. 23, at 6-12. Buczek offers

these arguments: the order is void for being issued in denial of due process; the Bankruptcy Court abused its discretion by issuing such an order in violation of due process; KeyBank was not entitled to relief because its motion for relief did not satisfy the requirements under Section 362(d)(1) or (2); and KeyBank's motion and relief were procured by fraud and, therefore, the judgment must be reversed. Dkt. 23, at 19-30.

KeyBank presents the following issues: whether the Bankruptcy Court provided Buczek with due process when Buczek received notice 19 days before the hearing and cross-moved for relief with a lengthy cross-motion; and whether the Bankruptcy Court properly granted *in rem* relief of the automatic stay. Dkt 24. At 1-2. KeyBank argues that Buczek was provided with ample notice under the rules; the Bankruptcy Court properly applied Full Faith and Credit to the state court judgment of foreclosure and sale relating to the issue of validity or enforceability of the mortgage; and there was substantial evidence in the record for the Bankruptcy Court to grant *in rem* relief. *Id.*

## II.   JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that the "district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and] with leave of court, from other interlocutory orders and decrees . . . of

bankruptcy judges."[6] 28 U.S.C. § 158(a)(1), (3). A district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *In re Ehrenfeld*, No. 19-CV-8718 (RA), 2020 WL 5758819, at *2 (S.D.N.Y. Sept. 28, 2020) (quoting *In re Margulies*, 566 B.R. 318, 328 (Bankr. S.D.N.Y. 2017)). Part VIII of the Federal Rules of Bankruptcy Procedure governs the procedures in such appeals.

This Court will review the Bankruptcy Court's decision to lift the automatic stay for abuse of discretion. *See, e.g., Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502, 507 (E.D.N.Y. 2018) (citing *In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990)); *see also Ehrenfeld*, 2020 WL 5758819, at *2 (first citing *In re Sonnax*, 907 F.2d at 1286; and then citing *In re Adelphia Comm. Corp.*, 342 B.R. 122, 126 (Bankr. S.D.N.Y. 2006) ("Matters left to the bankruptcy court's discretion—including whether to lift a stay under § 362(d)—are reviewed for abuse of discretion.").[7] A bankruptcy court abuses its discretion "when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *In re Soundview*

---

[6] Bankruptcy court orders lifting an automatic stay are final for purposes of appealability. *See In re Quigley Co., Inc.*, 676 F.3d 45, 51 (2d Cir. 2012) (citing *In re Chateaugay Corp. Inc.*, 880 F.2d 1509, 1511 (2d Cir. 1989)); *see also Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (Jan. 14, 2020).

[7] District courts review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error. *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007); *see also In re Bayshore Wire Products Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the District Court, we review the Bankruptcy Court's findings of fact for clear error . . . [and] its conclusions of law *de novo*").

*Elite Ltd.*, 646 F.App'x 1, 1 (2d Cir. 2016) (citing *In re Highgate Equities, Ltd.*, 279 F.3d 148, 152 (2d Cir. 2002)).

## III. ANALYSIS

### A. Whether the Order Was Issued in Denial of Due Process or Lack of Jurisdiction

At several points, Buczek argues that the Judge Bucki's order is invalid or void because it was issued without jurisdiction or in denial of his due process rights. These arguments are without merit.

Bankruptcy courts have subject matter jurisdiction to issue stay relief pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a)-(b). 28 U.S.C. § 157(b)(2)(G) specifies that core proceedings include "motions to terminate, annul, or modify the automatic stay." *See In re Killmer*, 513 B.R. 41, 43 (Bankr. S.D.N.Y. 2014). Judge Bucki's order granted KeyBank's motion for relief from the automatic stay. Buczek has failed to show that the Bankruptcy Court lacked subject matter jurisdiction to decide the motion.

It is well established that to satisfy due process during any proceeding, there must be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See, e.g.*, *Pierre v. Aurora Com. Corp.*, 620 B.R. 210, 219 (S.D.N.Y. 2020) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); and then citing *In re Grumman Olson Indus., Inc.*, 467 B.R. 694, 706 (S.D.N.Y. 2012)). Pursuant to 11 U.S.C. § 362(d), the motion for relief from a stay may be granted "after notice and a hearing." *Id.* Federal Rule of Bankruptcy

Procedure 9006(d) provides the default notice requirement: a written motion and notice of any hearing "shall be served not later than seven days before the time specified for such hearing." F. R. Bankr. P. 9006(d). For service by mail, an additional three days' notice is required. Fed. R. Bankr. P. 9006(f).

After reviewing the record, this Court concludes that Buczek received ample notice of the motion and hearing and opportunity to object to KeyBank's motion. The record shows that the motion for stay relief was filed and served by mail on November 27, 2019. Bankr. Dkt. 146-19 (certificate of service). As Judge Bucki stated at the hearing on December 16, 2019, the motion was not only filed within the time limits and in a fashion consistent with the requirements of rules—here, Buczek was provided more time than the rules required. Dec. 16 Hr'g Tr. 36:10-22. Judge Bucki also observed that Buczek had the opportunity to file papers on December 10, and that those filings consisted of 102 pages. *Id.* 37:14-21. While Buczek did not appear in person at this hearing due to his travel, he was able to appear by telephone and speak at length concerning his objections and arguments. *See generally id.*; *see* 36:23-37:6. He filed a motion for rehearing on Judge Bucki's December 16 decision, and a hearing was held on January 6, 2020, at which Buczek was able to make his arguments. *See generally* Jan. 6 Hr'g Tr. Based on this record, Buczek has not shown any evidence of a denial of due process entitling him to a reversal of Judge Bucki's order.

### B.     Whether the Bankruptcy Court Abused its Discretion in Lifting the Stay

Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . (2) the enforcement against, the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title . . . [and] (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(2), (6). Section 362(d) requires the bankruptcy court to grant relief from the stay, such as terminating or modifying the stay, on request of a "party in interest and after notice and a hearing." *Id.* § 362(d).

#### 1. Standing to Seek Relief from the Stay

At numerous points in his briefs, Buczek challenges the standing of KeyBank to seek relief from the stay under Section 362(d). Buczek argues that because KeyBank has not produced an original note or other security agreement, it is not a secured creditor—KeyBank's fraudulent actions therefore deprive it of standing to seek stay relief. Dkt. 23, at 7-9, 24-27. KeyBank responds that the Bankruptcy Court properly applied Full Faith and Credit to the state court judgment of foreclosure and sale, and that said judgment prevents Buczek from repeating his claims concerning the validity of the mortgage. Dkt. 24, at 8-11.

This Court has had occasion, in a separate appeal involving the same appellant Buczek, to examine the requirements for being a "party in interest" and having standing to seek relief from the automatic stay under Section 362(d). *See*

11

*Buczek v. Nationstar Mortgage LLC*, No. 19-CV-1402 (JLS), 2021 WL 631281, at *5-6 (W.D.N.Y. Feb. 17, 2021) (discussing caselaw concerning standing to request relief from the automatic stay). In sum, the level of proof necessary to commence a foreclosure action under New York law is the appropriate level of proof necessary to confer standing to seek stay relief. *Osuji*, 589 B.R. at 509 (quoting *In re Escobar*, 457 B.R. 229, 241 (E.D.N.Y. 2011)). Under New York law, a plaintiff establishes its standing in a mortgage foreclosure action "by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) (citing *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981, 19 N.Y.S.3d 543 (2015)); *see also In re Sterling*, 543 B.R. 385, 390 (Bankr. S.D.N.Y. 2015) (citing *In re Lippold*, 457 B.R. 293, 296-97 (Bankr. E.D.N.Y. 2011)).

Here, KeyBank has established standing. KeyBank has attached documents showing it is originator of the loan and continues to be the holder and owner of the HELOC Agreement and Mortgage. *See* Bankr. Dkt. 146-1, Exh. A; Bankr. Dkt. 146-2, Exh. B. KeyBank has not only commenced a foreclosure action, but the state court issued a final Judgment of Foreclosure and Sale. *See* Bankr. Dkt. 146-7, Exh. G.[8] As a result, KeyBank has shown it has a colorable claim and is a party in interest entitled to move to modify the automatic stay.

---

[8] While Buczek himself was not party to the loan agreement, under New York law he was put on notice of the pending foreclosure action—and later is bound by the outcome—when the property was conveyed to him. *See* C.P.L.R. § 6501 (McKinney 2010). Judge Bucki reiterated this at the hearing on December 16, 2020 and the hearing on January 27, 2020. Dec. 16 Hr'g Tr. 38:17-22 ("Mr. Buczek, Shane

12

Further, to the extent that Buczek challenges KeyBank's standing to seek relief from the stay, his appeal amounts to an attempt to re-litigate the state court's Judgment of Foreclosure and Sale. *See Selig v. Druckman Law Grp., LLC*, 17-CV-4510(JS), 2018 WL 3973013, at *5 (E.D.N.Y. Aug. 20, 2018) (citing *In re Campora*, Nos. 14-CV-5066 (JFB), 14-CV-7123 (JFB), 2015 WL 5178823, at *5 (E.D.N.Y. Sept. 1, 2015)). These arguments are barred by the *Rooker-Feldman* doctrine. *Id.*; *see In re Porzio*, 622 B.R. 134, 138-40 (D. Conn. 2020) (concluding that *res judicata* and the *Rooker-Feldman* doctrine barred the debtor's arguments, where state court had already settled standing issues and entered final judgment in the foreclosure action); *In re Campora*, 2015 WL 5178823, at *5 (concluding that any attempt to re-litigate the issue of standing to bring the foreclosure action is barred, where state court already issued a judgment of foreclosure and sale); *In re Ward*, 423 B.R. 22, 27-30 (Bankr. E.D.N.Y. 2010) ("The *Rooker-Feldman* doctrine prevents this Court from reviewing the validity of the Foreclosure Judgment."). Judge Bucki's statements on the record at the January 6, 2020 hearing are in accord:

> This Court, under the *Rooker-Feldman* doctrine, is obliged to honor the decisions of state court. You have an outstanding and existing judgment of foreclosure and sale granted to KeyBank. If there are questions about that judgment, those should be raised in state court.

---

Christopher Buczek, acquired his ownership interest in this property after the issuance of a lis pendens. By statute, that lis pendens serves as notice to him that he and his ownership of the property would be subject to the consequences of an outstanding foreclosure proceeding."); Dkt. 26, Hr'g Tr. 33:6-18, Jan. 27, 2020 ("If a foreclosure proceeding is brought and a proper lis pendens has been filed, the effect of that lis pendens is to serve as notice to anybody who acquires a property interest in the property that's being foreclosed that there is outstanding litigation . . . That lis pendens was outstanding on the day that you acquired title of this property.").

13

Jan. 6 Hr'g Tr. 31:7-8.

Thus, the Bankruptcy Court correctly determined KeyBank was entitled to move for relief from the stay and that Buczek's arguments related to standing were to be raised in state court.

### 2. Relief under Section 362(d)(1)

11 U.S.C. § 362(d) provides that the court may grant relief from the stay, such as terminating or modifying the stay, as follows:

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>    (A) the debtor does not have an equity in such property; and
>    (B) such property is not necessary to an effective reorganization . . .

*Id.* § 362(d)(1)-(2).

With respect to subsection (1) and determining whether there is "cause," this Court considers the non-exclusive factors set forth by the Second Circuit in *In re Sonnax*.[9] *See In re 950 Meat & Grocery Corp.*, 617 B.R. 224, 228 (Bankr. S.D.N.Y.

---

[9] These factors include: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and

2020) (citing *In re* Sonnax, 907 F.2d at 1286). But only those factors "relevant to a particular case need to be considered," and the Court "need not assign them equal weight." *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994) (first citing *In re Sonnax*, 907 F.2d at 1285; and then citing *In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992)). On a motion for relief from the automatic stay under Section 362(d), the party requesting such relief has the burden of proof on the issue of the debtor's equity in property, and the party opposing the relief has the burden of proof on all other issues. *In re Fennell*, 495 B.R. 232, 239 (Bankr. E.D.N.Y. 2012) (citing 11 U.S.C. § 362(g)).

With respect to relief under Section 362(d)(1), this Court has considered the applicable *Sonnax* factors and concludes that cause existed to lift the stay. In its underlying motion for relief from the stay and brief, KeyBank argues that the April 6, 2014 payment and all subsequent payments were due. *See* Bankr. Dkt. 146, at 20. Buczek has not offered any substantive evidence to dispute KeyBank's assertion of delinquency. His brief states that the Bankruptcy Court erred in its decision to remove the stay based on Buczek's failure to make payments that "were not required under the Bankruptcy Court's approved Plan," when there was "no loan in the name of Shane Christopher Buczek" and "Buczek was never informed of [his] duty to make these payments prior to this hearing." Dkt. 23, at 7, 11.

---

(12) impact of the stay on the parties and the balance of harms." *In re Sonnax*, 907 F.2d at 1286.

15

Courts in this circuit have ruled that a debtor's failure to pay mortgage payments can constitute sufficient cause to modify an automatic stay. *Osuji*, 589 B.R. at 511 (first citing *In re Campora*, 2015 WL 5178823, at *5; and then citing *In re Fennell*, 495 B.R. at 239); *In re Sterling*, 543 B.R. at 392; *Thompson v. JP Morgan Chase Bank, N.A.*, No. 11-cv-2905(JFB), 2012 WL 739384, at *6 (E.D.N.Y. Mar. 8, 2012). Failure to make mortgage payments is "one of the best examples of a 'lack of adequate protection' under Section 362(d)(1) of the Bankruptcy Code." *In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008) (citing *In re Taylor*, 151 B.R. 646, 648 (E.D.N.Y. 1993)). Nonpayment constitutes grounds on its own for granting the motion for relief from the automatic stay. *Osuji*, 589 B.R. at 511.

Thus, the Court concludes the Bankruptcy Court did not abuse its discretion when it lifted the stay pursuant to 11 U.S.C. § 362(d)(1). *See Osuji*, 589 B.R. at 511.; *see also Thompson*, 2012 WL 739384, at *6 (upon consideration of the *Sonnax* factors, finding cause where the debtor was not making mortgage payments, the secured creditor had begun foreclosure proceedings in state court, and creditor continued to expend money for taxes and insurance on the property).

### 3. Relief under Section 362(d)(4)

Section 362(d) also provides that the bankruptcy court may grant *in rem* relief as follows:

> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—

16

> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> (B) multiple bankruptcy filings affecting such real property.

*Id.* § 362(d)(4)(A)-(B). The statute provides that, if properly recorded under state law, an order entered under Section 362(d)(4) is binding in any subsequent bankruptcy case purporting to affect the subject real property, for a period of two years after entry of the order granting *in rem* stay relief. *Id.*; *In re Kearns*, 616 B.R. 458, 466-67 (Bankr. W.D.N.Y. 2020). It is the movant's burden to prove (1) the debtor engaged in a scheme, (2) to delay, hinder or defraud the creditor, and (3) which involved either the transfer of property without the creditor's consent or court approval or multiple filings. *See, e.g.*, *In re 5th Street Parking LLC*, No. 19-12821 (MG), 2020 WL 424576, at *5 (Bankr. S.D.N.Y. Jan. 24, 2020) (quoting *In re Lemma*, 394 B.R. 315, 325 (Bankr. E.D.N.Y. 2008)). The Court may draw an inference of a debtor's intent to hinder or delay from the filing of several bankruptcy cases, as well as the timing of those filings. *Id.* (citing *In re Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014)).

KeyBank argues it is entitled to *in rem* relief under 362(d)(4) based on Buczek and Deborah Buczek's two bankruptcy proceedings—which stayed the state foreclosure action—and the transfer of ownership of the property that occurred without the foreclosure plaintiff's consent. Bankr. Dkt. 146, at 16-18; Dkt. 24, at 12-13. KeyBank's motion also chronicles a "pattern" of "bad faith" and "abuse" during the litigation involving the Buczeks. Bankr. Dkt. 146, at 4-13. In his briefs,

17

Buczek does not make any substantive arguments relating to KeyBank's application for *in rem* relief. *See* Dkts. 14, 18.

At the December 16 hearing, Judge Bucki observed that "there is no good faith effort to cure the outstanding arrears," there is "no evidence of any mortgage payments being made," and that payments being made under the plan are "not in an amount sufficient that would cure the arrears of $23,474.79 over a period of 60 months." Dec. 16 Hr'g Tr. 40:4-17. On the decision to grant *in rem* relief, Judge Bucki specifically noted that the issue of the mortgage's validity "has to be decided in state court and not through delaying tactics of filing a new bankruptcy in this case when the matter really should be decided over in state court." Dec. 16 Hr'g Tr. 41:5-7.

After reviewing the record, this Court concludes that the *in rem* relief provided in Judge Bucki's order on January 13, 2020 was within the scope of 11 U.S.C. § 362(d)(4) and, thus, was not an abuse of discretion. The timing of the transfer of the property and the bankruptcy filings; the record of appeals, objections, and other filings in this case, and Judge Bucki's familiarity with the facts of both Buczek's and his mother's bankruptcy cases permitted Judge Bucki's inference of an intent to hinder, delay, and defraud creditors. *See, e.g, In re 5th Street Parking*, 2020 WL 424576, at *6-7 ("When debtors have exhibited a lack of effort in their bankruptcy proceedings and have instead engaged in serial filings to thwart the efforts of secured creditors exercising their rights under state law, courts have found that these serial filings are evidence of bad faith and abuse of the bankruptcy

18

processes." (quoting *In re McKenzie*, No. 19-10130, 2019 WL 1750910, at *4 (Bankr. S.D.N.Y. Mar. 25, 2019))).

Thus, there was no abuse of discretion in Judge Bucki's decision to lift the stay.

As to Buczek's remaining arguments and issues on appeal, this Court has reviewed them and determines they are without merit.

19

## CONCLUSION

For the foregoing reasons, the Court concludes that the Bankruptcy Court did not abuse its discretion in lifting the automatic stay and granting *in rem* relief. The Court affirms the Bankruptcy Court's decision in the January 13, 2020 Order. The Clerk of the Court is ordered to close this appeal.

The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and, therefore, DENIES leave to appeal as a poor person. *See Coppedge v. United States*, 369 U.S. 438, 444-46 (1962).

Buczek must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   February 24, 2021
         Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE